## Hockenhull *et al.*, executors, *vs.* Oliver *et al.*

1. On February 9, 1875, O. and his wife, by warranty deed, conveyed to I. in fee-simple a lot of land, for the purpose of securing a loan of $5,000 by I. to O., and the lender gave to the borrower a bond for title to the land. This deed was duly recorded. On January 1, 1876, O., with the consent of his wife, conveyed the same land to H. to secure the latter from loss by reason of his having become security on a promissory note, and H. also gave a bond for title to O. When H. accepted the deed, he knew of the deed to I. This deed to H. was, by agreement, withheld from record. On April 29, 1878, O. being unable to redeem the land by paying I., the latter, without having any notice of the deed which had been made to H., paid $3,500 in addition to the amount previously advanced, the bond for title was surrendered, and I. took from O. a second deed, conveying all of the right, title and interest of the grantor in the land, to have and to hold the same, with all of its rights, members and appurtenances, in fee-simple, and containing a warranty against the grantor and all persons claiming under him. This deed was recorded May 6, 1878. The value of the property was from $7,500 to $8,000. H. recorded his deed November 11, 1879, and having paid the note on which he was security, sought to foreclose the deed as an equitable mortgage.

*Held* that, after the making of the first deed to I., the only right or interest which the debtor had in the land was the right to redeem it by the payment of the borrowed money; and upon the making of the second deed, the title of I. became perfect and was not subject to the debt to H.

(a) There is some doubt as to whether a person who buys land and

takes only a quit-claim title, can be an innocent purchaser; but the question is not now decided.

2. Where an owner of land conveyed it by warranty deed for the purpose of securing an indebtedness, and took a bond for title from his creditor, the interest which the debtor had in the land was the right to redeem it; and where subsequently he made a second deed to his creditor for a valuable consideration, conveying all his right, title and interest in and to the property, and warranting it against himself and any person claiming under him, this was a sufficient deed to vest the absolute title in the grantee; and it was not void because it did not describe the amount of interest that the grantor had in the land.

3. Such a deed, being recorded in time, takes precedence over a senior deed not recorded.

October 7, 1887.

Deeds. Title. Mortgages. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1887.

Reported in the decision.

GEO. N. D. & P. LESTER, for plaintiffs.

W. D. ELLIS and J. R. GRAY, for defendants.

SIMMONS, Justice.

The record of this case discloses the following facts, as found by the presiding judge below, who, by consent of the parties, tried the case without the intervention of a jury:

On February 9th, 1875, J. S. Oliver and his wife, by warranty deed, conveyed to S. M. Inman, in fee-simple, a certain lot situated in the city of Atlanta. This deed was recorded January 13th, 1876. The purpose of it was to secure Inman in a loan of $5,000 which he made to Oliver; and Inman gave Oliver a bond for title to the land. On January 1st, 1876, Oliver, with the consent of his wife, conveyed the same land to John Hockenhull, by a deed similar to the one made to Inman. This deed was to secure Hockenhull from any loss by reason of his having

become security for Oliver on a promissory note for $1,800, payable to Lawson Black. The land was warranted in the deed to Hockenhull to be unincumbered, except by one mortgage. Hockenhull, when he accepted this deed, knew of Inman's deed. Oliver received from Hockenhull a bond for title. On April 29th, 1878, Oliver made a second deed to Inman, in which he bargained, sold, transferred and conveyed to said Inman, his heirs and assigns, all his right, title and interest in said lot, in consideration of $8,500, to have and to hold the same, with all the rights, members and appurtenances to the same belonging or in anywise appertaining, to him, the said Inman, his heirs and assigns forever, in fee-simple. The deed also contains a warranty against the grantor and all persons claiming under him. This deed was recorded May 6th, 1878. The value of the property was found to be $7,500 or $8,000 When Inman accepted it he had no notice whatever of the deed from Oliver to Hockenhull; there was an arrangement between Oliver and Hockenhull that Hockenhull's deed should not be recorded. It was recorded November 11th, 1879. Hockenhull paid Black the note on which he was security. Upon the payment of the note, he filed this bill, seeking to foreclose the deed from Oliver to him as an equitable mortgage.

Upon the trial of the case, the judge below found the foregoing facts, and decreed that Inman had the legal title to the property, and that it was not subject to Hockenhull's debt. The plaintiffs in error made a motion for new trial upon the several grounds stated therein, which motion was overruled by the presiding judge; and to this refusal to grant a new trial the plaintiffs in error excepted, and assign the same as error. Only two questions were insisted on before us by the counsel for the plaintiff in error: (1) That the second deed from Oliver to Inman, being only a quit-claim, was sufficient to put Inman upon notice of a defect in Oliver's title, and he therefore could not be a *bona fide* purchaser. (2) That the second deed was void for uncertainty.

1. As to whether a person who buys land and takes only a quit-claim title can be an innocent purchaser, is in some doubt. The authorities are very conflicting on the subject. But the view we take of this case renders it unnecessary to decide the question now. Inman obtained the first deed. It was recorded in the time prescribed by law. It conveyed to him a perfect legal title. He could have recovered on it in an action of ejectment. The only right or interest that Oliver had in the land was the right to pay the money borrowed of Inman, and to have it reconveyed to him, to redeem it. The record shows that he was unable to do this; and that Inman, without any notice of Hockenhull's deed, paid him $3,500 more and took the second deed, and that Oliver surrendered his bond for title to Inman. This, in our opinion, under the facts recited, gave Inman a perfect title. This brings us to the second point.

2, 3. It was argued that the second deed was void, because it did not describe the amount of interest that Oliver had in the land. We have shown that all the interest he had was the right to redeem it. He conveyed in his second deed all his right, title and interest in and to the property, and warranted it against himself and against any person claiming under him. We think that was sufficient. Indeed it was the only kind of deed he could have legally made. It being a proper deed, and being recorded in time, it takes precedence over one not recorded in time, nor even recorded when this was made to Inman. Code, §2705. He had already made an absolute deed conveying his title, and the only thing he could do was to convey or release his right to redeem. This he did, and we think it was sufficient. If we are right in this view, it follows, as a matter of course, that Hockenhull had no right as against Inman to foreclose his deed as an equitable mortgage, and that the presiding judge committed no error in so ruling.

Judgment affirmed.