Kehler & Brother *vs.* The Jack Manufacturing Company *et al.*

KEHLER & BROTHER *et al.*, plaintiffs in error, *vs.* THE G. W. JACK MANUFACTURING COMPANY *et al.*, defendants in error.

G. W. JACK, plaintiff in error, *vs.* KEHLER & BROTHER *et al.*, defendants in error.

1. The superior courts of this state, under the constitution of 1868, have no authority to incorporate manufacturing companies.
2. Where property has been sold by an insolvent debtor, which it is sought to make liable to his debts, a receiver will not be appointed to take the same out of the hands of the purchasers, where the latter are not charged to be insolvent.
3. Where a bill is amended by the addition of a prayer for an injunction to restrain a defendant against whom no such order was originally prayed, he is entitled to notice and to an opportunity to show cause to the contrary.
4. Where cross-bills of exception are sued out, they constitute two distinct cases, and the clerk is authorized to tax full costs in each case.   (R.)

Constitutional law.   Corporations.   Debtor and creditor. Receiver.   Injunction.   Practice in the Superior Court.   Before Judge PEEPLES.   Fulton Superior Court.   October Term, 1875.

After the decision was pronounced in the above cases the question was submitted to the court as to whether the clerk of the supreme court was authorized to tax full costs in each case, or whether, as but one record had been forwarded, though two bills of exception were sued out, he was only entitled to charge the costs as in one case.   The court held as set forth in the fourth head-note.

Reported in the decision.

L. J. GLENN & SON; P. L. MYNATT, for plaintiffs in error in first case, and for defendants in second.

JOHN L. HOPKINS; A. W. HAMMOND & SON, for defendants in error in first case, and for plaintiff in second.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants, praying for an injunction and the appointment of a receiver. On the hearing of the motion the defendants, W. F. Jack & Holland, demurred to the complainant's bill for want of equity, and also answered the bill without prejudice to the demurrer. The presiding judge, after considering the allegations in the bill, the demurrer thereto, and the answer of the defendants, granted an injunction restraining W. F. Jack & Holland from paying anything to G. W. Jack on account of the purchase mentioned in the bill, and restraining G. W. Jack from transferring, collecting or disposing of any of the acceptances of Jack & Holland held by him, and denied the prayer for the appointment of a receiver; whereupon both parties excepted. The two cases were argued together here.

The complainants allege that they are the creditors of the G. W. Jack Manufacturing Company, chartered by the superior court of Fulton county, in the spring of 1875; that said company is insolvent; that G. W. Jack has sold the property of said corporation to W. F. Jack & Holland without any authority to do so, and that said sale is void, and therefore insist that the property of said corporation in the hands of Jack & Holland, purchased by them of G. W. Jack, is the assets of said corporation, and should be applied to the payment of its debts; that Jack & Holland knew when they purchased the property that it was the property of said corporation, and they pray that it may be taken out of their possession and placed in the hands of a receiver, to be applied to the payment of the debts of the corporation. There is no allegation in the complainants' bill that Jack & Holland are insolvent. There was no prayer in the original bill for an injunction against G. W. Jack, but after the judge had granted the injunction as before stated, he allowed the complainants to amend the prayer of their bill, and to pray for an injunction against

Kehler & Brother *vs.* The Jack Manufacturing Company *et al.*

G. W. Jack without giving him any notice to show cause why it should not be granted.

1. The demurrer, for want of equity, presents the question whether the superior court of Fulton county had the power and authority, under the provisions of the constitution of 1868, to incorporate the G. W. Jack Manufacturing Company as set forth in the complainants' bill. In our judgment the superior court of Fulton county had no such power. The constitution declares that "the general assembly shall have no power to grant corporate powers and privileges to private companies, except to banking, insurance, railroad, canal, navigation, mining, express, lumber, manufacturing and telegraph companies; nor to make or change election precincts; nor to establish bridges and ferries; nor to change names or legitimate children; but it shall prescribe by law the manner in which such powers shall be exercised by the courts." What powers are to be exercised by the courts, as prescribed by law, under this section of the constitution? Obviously those powers which the general assembly is denied the power to grant, and not those which are excepted, to-wit: banking, insurance, railroad, canal, navigation, mining, express, lumber, manufacturing and telegraph companies. The corporations which the courts are authorized to create, as prescribed by law, are such as the general assembly is denied the power to create, and as the general assembly has the power and authority to create a manufacturing corporation, the courts have not that power delegated to them. In our judgment, it was the true intent and meaning of the constitution to confer upon the general assembly the *exclusive* power to grant charters to all the excepted companies named therein, and this view of the question is manifested by the fact that in this same section the powers of the general assembly are restricted in relation to some of the excepted companies mentioned in the constitution. If the excepted companies were not intended to be chartered by the general assembly, why impose restrictions upon *that body* in making the grant of corporate powers to any of them? If the general assembly, under the constitu-

tion, can delegate the power to the courts to charter a manufacturing company, it can delegate the power to the courts to charter banks and railroad companies with equal propriety; for the one is as much within the constitutional exception as the others.    The fair and reasonable interpretation of this section of the constitution is that the general assembly has the power to delegate by law authority to the courts to grant corporate powers and privileges to private companies, except to banking, insurance, railroad, canal, navigation, mining, express, lumber, manufacturing and telegraph companies.

2. The appointment of receiver was properly refused by the chancellor, as it does not appear that Jack & Holland, who claim title to the property, are insolvent, and therefore there was not such danger of destruction or loss of·the property as would have required the chancellor to take it out of their possession and place it in the hands of a receiver.

3. We are of the opinion that the chancellor erred in granting the injunction against G. W. Jack on the statement of facts disclosed in the record.   There was no prayer for an injunction in the original bill against G. W. Jack; but after the judgment of the chancellor was rendered granting an injunction against him, without any prayer therefor, the complainants were allowed to amend their bill so as to pray for an injunction against him.   When the bill was amended praying for an injunction against G. W. Jack he was entitled to notice to show cause why the injunction should not be granted either by filing his answer or otherwise.   Inasmuch as he did not have reasonable notice of the amendment of the complainants' bill praying for an injunction against him, and no opportunity to show cause why the injunction should not issue against him, either by filing his answer or otherwise, before the injunction was granted, we reverse the judgment of the chancellor granting the same as to him.

Let the judgment of the court below be reversed in the one case and affirmed in the other.