PLANTERS' AND MINERS' BANK *vs.* PADGETT *et al.*

[This case was argued at the last term, and the decision reserved.]

1. If one dealt with a company as a corporation and received notes from it as such, he could not afterwards, in seeking to enforce the contract, deny the corporate existence.

(*a.*) In this case the notes were not only signed by the president and treasurer of the company, but a mortgage was executed to secure them; the mortgaged property was sold thereunder and bought by the plaintiff.

(*b.*) A judgment of a superior court incorporating a manufacturing company in 1872 was void.

2. Where a creditor contracted with a company as a corporation, both

parties believing the corporation to exist *de jure* as well as *de facto*, and with no intention at the time of giving credit to or binding the members individually or as partners, an action cannot be maintained against them on that contract as partners.

(a.) Case in 52 *Ga.*, 351, distinguished from this.

December 30, 1882.

Corporations. Contracts. Estoppel. Constitutional Law. Debtor and Creditor. Before Judge FAIN. Bartow Superior Court. November Adjourned Term, 1881.

The Planters' etc., Bank brought complaint against Padgett *et al.* as partners using the firm name and style of " The Cartersville Car Factory and Building Association," on four promissory notes. Three of these were dated November 25th, 1873, were due respectively at sixty and ninety days, and four months after date, to plaintiff, and were signed " C. B. Wallace, president, per McEwen, treasurer." The aggregate amount of these three notes was $5,785.75, with certain credits not material here. The fourth note was for $880.40, dated June 30th, 1874, due at thirty days, signed " Andrew Baxter, president, C. C. F. & B. A."

The defendants filed the following pleas: (1.) The general issue. (2.) *Non est factum.* (3.) *Nul tiel* partnership. (4.) Estoppel, in this: that before the giving of the note sued on, defendants were incorporated by the superior court of Bartow county under the name of " The Cartersville Car Factory and Building Association." That plaintiff, knowing of this incorporation, loaned the money for which the notes in suit were given, and received said notes as corporate obligations, and not as the promises of a partnership. (The incorporation of manufacturing companies by the superior court was held to be unconstitutional in 56 *Ga.*, 639.) (5.) Former recovery and estoppel, in this: that the plaintiff had brought suit on the note for $880.40 against the association as a corporation, and had recovered judgment thereon, which judgment

stands unreversed on the record.   (6.)  Payment and estop-
pel, in this: that the association gave to the plaintiff a
mortgage on its property, of the value of about six thou-
sand dollars, to secure the first three notes now in suit;
that after recovering judgment on the $880.40 note, plain-
tiff caused the property of the association to be levied on
and sold at sheriff's sale, subject to their mortgage, and
so bid it in for ten dollars.

The following facts shown by the evidence are all that
are material to an understanding of the decision:   De-
fendants obtained an order of incorporation from the
superior court of Bartow county in 1872, and proceeded
thereunder to conduct business as a corporation.   In 1873
the association as a corporation borrowed money from the
plaintiff, and gave notes therefor and a mortgage on the
company's property to secure the same.   Three of these
notes are now in suit.   Subsequently, the fourth note, that
for $880.40, was given for an accumulation of interest.
In 1873 this last note was sued on, and judgment was
recovered by default against the association in 1875.
Under this judgment the lot, buildings and other prop-
erty of the association were sold at sheriff's sale in 1876.
When it was exposed for sale, plaintiff's attorney an-
nounced that plaintiff held a mortgage on the property,
and whoever bought would buy subject to such mortgage.
He bid in the property for $10.00 on behalf of his client.
In 1874 some negotiations passed between plaintiff and
defendants, looking to a surrender of the mortgage by
the former and an assumption of responsibility by the
latter, but defendants refused to assume the indebtedness.
There was some difference of opinion among the witnesses
as to the value of the property, such value being esti-
mated at from four to eight thousand dollars.

The jury found for the defendants.   Plaintiff moved
for a new trial on the following among other grounds:

(1.)  Because the verdict is contrary to law and evidence.

(2.)  Because the court charged as follows: "If the evi-

dence in this case shows that the plaintiff extended the credit in this case to The Cartersville Car Factory and Building Association as a corporation, and not as a copartnership ; and if the defendants, the stockholders in said association, assented to and accepted the credit to the said association as a corporation, and not as a copartnership, and in good faith ; and if both parties then believed that said Car Factory and Building Association was legally incorporated, then the plaintiff cannot recover against defendants as copartners, and must look for its debts exclusively to the joint funds of The Cartersville Car Factory and Building Association, and cannot make the stockholders personally liable, as is sought to be done in this case."

(3.) Because the court charged as follows : " If the plaintiff and defendants both believed, at the time the notes sued on were made, that The Cartersville Car Factory and Building Association was legally incorporated, and if the notes were given by that Car Factory and Building Association as a corporation, and so accepted by the plaintiff; and if the credit was thus extended to The Cartersville Car Factory and Building Association as a corporation, and not as a partnership ; and if plaintiff accepted and received from said association a mortgage in good faith, given and intended as a mortgage by said association as a corporation on its supposed corporate property ; and if plaintiff afterwards sued said Car Factory and Building Association as a corporation on one of the notes now sued on, and obtained a judgment thereon ; and had execution issued and levied upon said mortgaged property ; and had the same sold subject to plaintiff's mortgage, and bought in for plaintiff ; and if plaintiff took possession of the property of said association under such sale and mortgage, and appropriated the same to its own use, then if you find these facts to be true, the plaintiff cannot recover in this case. The plaintiff cannot hold defendants personally liable, but must look to the joint property of

the association for its debt. If you find the facts enumerated to be true, the plaintiff would be estopped, and could not recover in this case. You are to look to the facts and see what they are."

The motion was overruled, and plaintiff excepted.

R. B. TRIPPE; CANDLER & THOMSON, for plaintiff in error.

AKIN & AKIN; E. F. BEST, for defendants.

JACKSON, Chief Justice.

This was a suit on three promissory notes brought by the Planters' and Miners' bank against Padgett, Howard and others as partners, using the firm name and style of The Cartersville Car Factory and Building Association.

To this the defendants pleaded they had formed no such partnership, but had been, before the notes were given, incorporated as a company by the superior court of Bartow county; that the plaintiffs dealt with the corporation as such, and loaned the money to the corporation, and received the notes as a corporate obligation, and not as a partnership contract.

The jury, under the charge of the court, found for the defendants; a motion for a new trial was made and refused; and on its refusal on all the grounds contained therein, error is assigned here.

In the view we take of the law, it is unnecessary to consider any but the vital points which control the case. The judgment incorporating this manufacturing company was void, the superior court having no such power. 55 *Ga.*, 639.

The court charged that if the plaintiff dealt with the defendants as a corporation, and received the notes from the corporation for the consideration thereof, the money loaned, then there could be no recovery against the defendants as partners, notwithstanding the illegality of the

creation of the corporation. The facts are undisputed that they did so deal; that the contract was made with the corporation as such, the notes received from it as such; and the controlling legal question is, can there be a recovery upon these facts against these defendants as partners.

1. If the bank so dealt with the corporation, its corporate existence cannot be denied by it after the execution of the contract. Morawetz on Private Cor. par. 142; 11 Cushing, 285; 27 Ohio St., 343, and other cases there cited. In this case, not only were the promissory notes signed by the president and treasurer of the company, but a mortgage was executed to secure them; judgment was had on the notes against the corporation, and the mortgaged property was sold and bought by the plaintiff for ten dollars under the incumbrance of the mortgage it owned. So that it dealt with the company and recognized it as a *de facto* corporation in many phases of the transaction, and it cannot now deny its existence as a legal entity.

2. Having contracted with the company as a corporation, through its officer or agent, both parties believing the corporation to exist *de jure* as well as *de facto*, and with no intention at the time of giving credit to or binding the members individually or as partners, an action cannot be maintained against them as partners on that contract. It would be to make a new contract for the parties, never contemplated when the real contract which they made themselves was executed. The members never agreed to enter into the contract, either severally or jointly, and it is difficult to see how they can be bound by it. They never agreed to be bound as partners, nor did they hold themselves out to the world as such. "The contract was intended to bind the association in a corporate capacity only." Morawetz on Priv. Corp., 141; 7 Cushing, 188; 11 *ib.*, 83; 117 Mass., 476, and many other cases cited. See also 43 *Ga.*, 187.

In the case in the 43 *Ga.*, it was held that a corporation and partners were distinct, " not the same person," and though the corporation was of the same name with the partnership, and did business by the same agent, before the date of the charter, it was not liable for a debt due by the partnership. There must be another contract to bind it. So here there should be, on the other hand, another contract to bind the partnership. The case is not precisely in point, but recognizes the two as distinct persons, and in that view bears upon the point.

In 52 *Ga.*, 351, some intimations are the other way; and it is said that a recovery might be had against the corporators as partners, but the expression is coupled with the words, " if for a compensation, such as the waiver of a mechanic's lien, they had promised jointly to pay the debt"—a new promise.

The authorities cited from Morawetz, however, are right on the point, and must conclude the question.

We conclude, therefore, that under the pleadings, law and facts of the case disclosed in the record, the verdict and judgment could not have been otherwise; and the judgment is affirmed.