## DOBOY & UNION ISLAND TEL. CO. *v.* DE MAGATHIAS.

*(Circuit Court, S. D. Georgia, E. D.* November Term, 1885.)

1. NAVIGABLE RIVERS—OBSTRUCTION BY STATE.
    It is competent for the municipal power of a state, in good faith and for a constitutional purpose, to authorize the obstruction of one of its navigable and tidal streams.
2. SAME—POWER OF CONGRESS.
    Congress, however, may interpose, by either general or special laws. It may regulate all obstructions in or over navigable waters, and cause their removal or punish those who shall thereafter erect them.
3. SAME—STATE LAW, WHEN VOID.
    Any state law in opposition to such action by congress is inoperative and void.
4. TELEGRAPH COMPANIES—GEORGIA CONSTITUTION.
    The constitution of Georgia conferring the exclusive powers on the legislature to charter telegraph companies, the charter granted to the plaintiffs by the superior court is null and void.

At Law.

*Lester & Ravenel,* for plaintiffs.

*Garrard & Meldrim,* for defendant.

SPEER, J.   The Doboy & Union Island Telegraph Company consisted of a number of persons engaged in sawing and shipping timber,—"Georgia pine."   Their offices were on Union island, separated from the main land by Doboy river and an intervening marsh.   For convenience in communicating with the shore, they applied to the superior court of McIntosh county, Georgia, for a charter authorizing them to construct and use a telegraph line from Doboy to Union island.   The order was granted.   To complete the line it was necessary to lay a cable a half mile long across the Doboy river, a navigable stream, or arm of the sea, and a common highway for commerce, foreign and coastwise.   The location of the cable was indicated by a sign at each end, on which were painted the words "Cable, Don't Anchor."   On the ――― day of December, 1884, the Portuguese schooner Industria sailed into Doboy harbor.   It is not apparent whether the master and mariners in charge of the Industria were sufficiently conversant with the language usually employed by the officials of the Doboy & Union Island Telegraph Company to make out the warning conveyed in the words "Cable, Don't Anchor."   It is within the range of possibility that these navigators saw the sign of warning and construed it to mean "Welcome to Doboy."   This much is certain, they dropped their anchor the moment the prow of the

Industria crossed the line of the subaqueous cable. It is equally clear that the flukes of the anchor fouled the cable, and when the anchor was weighed the next morning the cable came up with it, when one of the crew of the Industria with the blow of an axe severed the cable and the telegraphic communications of the Doboy & Union Island Telegraph Company. For this destruction of their cable, and the damages flowing therefrom, the plaintiffs bring their action.

The defenses interposed by the owner of the Industria are twofold. In the first place, he insists that the Doboy river is a navigable stream; that the congress of the United States has not authorized the cable, which he contends is an obstruction to commerce; that the cable, fouling his anchor, it was permissible for him to cut loose, and that the result was *damnum absque injuria*. In the second place, he insists that there is no such legal entity as the Doboy & Union Island Telegraph Company, and that the alleged charter is null, and in fact no charter.

The right of navigation has always been a matter of jealous public regard. Chief Justice HOLT said that to hinder the course of a navigable stream was against *Magna Charta*. The right has been under judicial consideration several times in this country. *State* v. *Wheeling & B. B. Co.*, 13 How. 518; *Gilman* v. *Philadelphia*, 3 Wall. 713. From these authorities the following rules may be considered as settled. It is competent for the municipal power of a state, in good faith, and for a constitutional purpose, to authorize the obstruction of one of its own tidal and navigable streams. Congress, however, may interpose by either general or special laws. It may regulate all obstructions in or over navigable waters, and cause their removal, and punish those who shall thereafter erect them. Any state law in opposition to such action by congress is inoperative and void. Within the sphere of their authority both the legislative and judicial power of the nation is paramount.

Applying these rules to the case before us, it will be found that congress has not attempted, in any way, to regulate the waters where the Doboy & Union Island Telegraph Company have laid their cable. Then it is evident that it is competent for the state of Georgia to weigh and balance against each other the considerations which belong to the subject,—the obstruction to navigation on one hand, and the advantage to the public or to individuals on the other,—and to decide which shall be preferred, and how far one shall be made subservient to the other. It is insisted for the defendant, however, that the state has taken no action in the premises, and that no charter has been granted to the Doboy & Union Island Telegraph Company. The charter offered in evidence was granted by order of the superior court of McIntosh county. The constitution of the state provides:

"The general assembly shall have no power to grant corporate powers and privileges to private companies, except banking, insurance, railroad, canal, navigation, express, and telegraph companies, but it shall prescribe by law

the manner in which such powers shall be exercised by the courts." Code Ga. 5078.

This provision of the state constitution has been interpreted by the highest court of appeals in the state to confer on the legislature the exclusive power to charter telegraph companies. In *Kehler* v. *Jack Manuf'g Co.*, 55 Ga. 641, the supreme court say:

"In our judgment, it was the true intent and meaning of the constitution to confer upon the general assembly the *exclusive* power to grant charters to all the excepted companies named therein."

Now, a telegraph company is an "excepted company named therein." It follows, therefore, that since the charter of the Doboy & Union Island Telegraph Company was granted by a court and not by the Legislature, not only does its cable which obstructed the anchor of the Industria appear to be unauthorized by the state, but the plaintiff corporation disappears from the record, and "leaves not a wrack behind." It follows that the proceedings against the Industria must be dismissed.