## *In re* KENAN, solicitor-general.

1. Since the passage of the act of March 20, 1866, riot is a misdemeanor, and for representing the State in this court in such a case a solicitor-general is entitled to only $15.
2. The phrase "all other cases," as used in section 1099 of the Penal Code, prescribing the fees of solicitors-general, allows but one fee for services performed in connection with each bill of exceptions, though there may be more than one plaintiff in error therein. LITTLE, J., dissenting.
3. The clerk of this court should furnish a solicitor-general with a certificate that he has represented the State in this court in as many "cases" as there are bills of exceptions, without regard to the number of plaintiffs in error. LITTLE, J., dissenting.
4. Unless a solicitor-general presents to the proper officer a certificate of the clerk of the trial court, that each plaintiff in error in a bill of exceptions is insolvent, he is not entitled to receive compensation from the State for services performed in this court in connection with such bill of exceptions.

Submitted January 16, — Decided February 26, 1900,

Motion to tax costs.

*Livingston Kenan, solicitor-general,* for movant.

FISH, J. Green and twenty-one others were jointly indicted for the offense of riot. Various of these parties were tried together, there being six trials in all. All were convicted. Six bills of exceptions were sued out to this court, the plaintiffs in error in each being respectively the parties convicted in each of the six trials. The solicitor-general prays this court to direct its clerk to deliver to him a certificate for services rendered in

as many cases as there are plaintiffs in error, and that his costs be taxed by this court.

1. Section 1099 of the Penal Code provides, that for services performed in this court the solicitor-general shall receive, "in capital cases," $50; in "other felonies," $30; in "all other cases,'" $15. The phrase "all other cases" necessarily includes misdemeanors. Prior to March 20, 1866, riot was a felony in this State. By an act passed on that date, several offenses, among which was riot, were reduced from felonies to misdemeanors. Nothing was said in that act about the solicitor-general's fees for prosecuting for the offenses therein referred to. It would follow, therefore, that, in the absence of any other law on the subject, he would be entitled only to the fee allowed by the section of the code above referred to, for prosecuting persons guilty of a misdemeanor, which fee is $15. See Acts 1865–6, p. 233. On December 15, 1866, however, the act just cited was amended by adding a proviso, that the fees allowed to solicitors for the prosecution of the offenses referred to in the original act "in the superior courts" should remain the same as they were before such offenses were reduced below felonies. Acts 1866, p. 153. This amendatory act, as will have been noticed, applies in terms only to prosecutions in *superior courts*, and has no application whatever to services performed in this court. The fees for such services remain the same as they were before the passage of the act, and the solicitor-general is entitled to only $15 for representing the State in this court in a case reduced to a misdemeanor by the act of 1866.

2. The movant contends that he is entitled to a fee for each plaintiff in error in the six bills of exceptions. We do not think a proper construction of section 1099 of the Penal Code warrants this contention. The language used is, that in "all other cases" $15 shall be received. The original act prescribing the fees of solicitors-general in this court provided that, "in all cases where the punishment is less than confinement and labor in the penitentiary, the sum of fifteen dollars" shall be received. Acts 1850, p. 375. The bill of exceptions constitutes "the case" in this court. It is the only medium through which "a case" can reach this court, and each bill of exceptions is "a case"

within the meaning of the section of the Penal Code, notwithstanding there may be more than one plaintiff in error in such bill of exceptions. If two persons are indicted jointly for an offense and tried together, there is but one case. The definition of the word case does not depend upon the number of persons involved. The case of *Jack* v. *Kehler*, 55 *Ga.* 639, is somewhat analogous. The code provides that every attorney who argues or presents "a cause" for a plaintiff in error in this court shall be liable to the clerk for costs, except in a pauper case. Civil Code, § 5513. In that case it was held that the bill of exceptions was "the case," and that hence costs should be taxed against the attorney for plaintiff in error in a cross-bill of exceptions. It has been the uniform practice of the clerk of this court to collect costs in each bill of exceptions without regard to the number of plaintiffs in error therein.

The construction which we have given to section 1099 of the Penal Code would seem to be the more reasonable. The services to be performed by the solicitor-general in this court are no more onerous or exacting where there are several plaintiffs in error in one bill of exceptions than when there is only one. They all usually complain of the same rulings, and but one argument is needed to reply to the contentions of all. It is true that the statute allows a fee "for each person" prosecuted in the trial court. In that court both a defendant and the State have the right to sever, in which case the same service must be performed in the case of each person. And even where two or more are tried jointly, it is manifest that the prosecuting officer performs a greater amount of service for the State than in the trial of one person. We conclude therefore that the movant is entitled to but one fee for each bill of exceptions, and the costs are taxed accordingly.

3. The clerk of this court furnished the movant with a certificate which, in effect, states that the latter represented the State in this court in as many cases as there were bills of exceptions. It would follow from what is said above that this was the only certificate to which the movant was properly entitled.

4. Section 1101 of the Penal Code provides that the fees of the solicitors for services rendered in this court shall be paid by

the State, on the warrant of the Governor, in all cases when the solicitor shall present the certificate of the clerk of this court as to services, and of the clerk of the superior that the defendant was acquitted or "was unable to pay the costs." If a defendant is convicted, no fee can be paid the solicitor unless he presents a certificate from the clerk of the trial court that the defendant is insolvent. The statute contemplates that a prosecuting officer shall collect his fee out of property of a solvent defendant who has been convicted. There being but one "case" embraced within each bill of exceptions, and the solicitor-general being entitled to but one fee for each bill of exceptions, he should present a certificate from the clerk of the trial court that each plaintiff in error in the bill of exceptions is insolvent. If there be one solvent plaintiff in error in a bill of exceptions, the fee of the prosecuting officer must be made out of his property.        *All the Justices concurring, except*

LITTLE, J.   While concurring in the propositions announced in the first and fourth headnotes, I dissent from those laid down in the second and third.