## STEVENS, executor, *v.* McCURDY.

A was the owner of a lot upon which was located a storehouse in which he was engaged in business as a merchant. He executed a security deed conveying the lot to B. After default in the payment of the debt that the deed was given to secure, A was adjudged a bankrupt, and a trustee in bankruptcy took possession of the stock of goods and sold the same to C. B did not prove his debt in the bankrupt court, but brought suit in the State court, obtained a special lien upon the land, and sold the land. The proceeds from the sale were not sufficient to pay the debt. The purchaser of the stock of goods from the trustee in bankruptcy went into possession of the storehouse, and remained in possession until after the sheriff's sale. The trustee in bankruptcy had made no attempt to administer the land as a part of the assets of the bankrupt's estate. After the discharge of the trustee in bankruptcy, B brought suit against the purchaser of the goods for rent of the storehouse from the time that he entered into possession until he surrendered possession to the purchaser at the sheriff's sale. *Held,* that a demurrer on the ground that the petition set forth no cause of action was properly sustained.

Argued November 21,—Decided December 21, 1905.

Complaint. Before Judge Roan. DeKalb superior court. January 21, 1905.

John F. Stevens, as executor of the estate of Mrs. E. M. Baker, brought suit against J. F. McCurdy, and alleged, in substance: The testatrix made a loan of $2,000 to one J. A. Campbell, and to secure its payment Campbell executed a security deed to her, conveying a lot of land in DeKalb county. Campbell remained in ' possession of the premises, conducting thereon a general merchandise business, and, after default in the payment of his note, was adjudged a bankrupt. A trustee in bankruptcy took charge of Campbell's effects, and on December 22, 1902, sold the stock of goods on the premises to McCurdy. On the same day McCurdy took possession of the goods and of the storehouse which stood upon the premises, and occupied the storehouse until November 3, 1903. The plaintiff did not prove his claim under the note against Campbell in the bankrupt court, but sued in the State court and obtained

a special judgment subjecting the land covered by the deed to the payment of the note. On November 3, 1903, the land was sold under this judgment, and, after the payment of costs, the proceeds were applied to the debt, leaving a large balance still due. On March 1, 1903, plaintiff demanded rent of McCurdy for the storehouse occupied by him, and possession of the premises, both of which were refused. The trustee in bankruptcy did not attempt to administer the real estate above described, and prior to this suit was discharged. Whereupon the plaintiff brings his action against McCurdy for rent of the storehouse, at the rate of $15 per month, which he avers is a reasonable rent, from December 22, 1902, the date of the defendant's entry, to March 1, 1903, the date of demand by plaintiff, and for double rent from March 1, 1903, to November 3, 1903, the date of the sale of the land.

The defendant demurred on the ground that the petition set forth no cause of action, and also on special grounds. The demurrer was sustained, and the plaintiff excepted.

*Green, Tilson & McKinney,* for plaintiff.
*J. E. & L. F. McClelland,* for defendant.

COBB, P. J. To maintain an action for rents there must exist between the parties the relation of landlord and tenant. In the absence of an express contract creating this relation, an obligation to pay rent is generally implied, "when title is shown in the plaintiff and occupation by the defendant;" "but if the entry was not under the plaintiff, or if possession is adverse to him, no such implication arises." Civil Code, §3116.

In the present case there was no express contract of rent, and the relation of landlord and tenant must arise under the above rule of law, or the action will fail. An absolute deed, although made to secure a debt, passes title to the grantee. The plaintiff held such a deed to the premises in dispute, and so establishes the first requisite towards maintaining his action. Occupation of the premises by the defendant was also shown; and so the sole question in the case ·is whether or not the entry of the defendant as shown by plaintiff's petition was not under plaintiff, or possession was adverse to plaintiff, in which case the obligation to pay rent will not arise. It was claimed that a deed to secure a debt was in effect a common-law mortgage, in that both passed title and both gave the

grantor an equity of redemption. The English courts have held a mortgagee entitled to rents from a lessee of the mortgagor under a lease executed after the mortgage, upon notice to the lessee by the mortgagee of his claim. This is put upon the ground that a mortgagor holds the premises like a tenant at will; that a mortgagee can sue in ejectment and recover mesne profits, and would therefore be entitled to sue in assumpsit for the rents; and that a lessee of the mortgagor is in fact a lessee of the mortgagee, the mortgagor acting as an agent of the mortgagee, and upon notice to the lessee the mortgagee would be entitled to rents for past occupation, if unpaid at time of notice, as well as rents accruing in the future. Pope *v.* Biggs, 32 Rev. R. 667, and cit. We do not think it was ever contemplated that the grantor in a security deed should occupy such a position as that outlined above. Until default in the payment due by him, the grantor is entitled to the possession of the premises. It is true that this court has held in numerous cases that an action of ejectment may be brought upon a security deed by the grantee against the grantor, after default, but this may be successfully defended by a tender of the amount due (*Biggers* v. *Bird, 55 Ga.* 653); and in such a suit in ejectment mesne profits are not recoverable save during the pendency of the action, and then only to be applied in payment of the debt. *Polhill* v. *Brown, 84 Ga. 343.* It should be borne in mind that the plaintiff in this case did not sue in ejectment, but brought a statutory proceeding, obtaining a special judgment subjecting the land in question to its payment. A separate suit for rent by the grantee against the grantor could not be maintained, even after default, as the relation of landlord and tenant did not exist between them. "One who makes to a creditor for the purpose of securing a debt a deed to land, but retains possession of the land, does not thereby become the 'tenant' either of such creditor or his vendee, and is not subject at the instance of the latter to be ejected from the land as a tenant holding over." *Ray* v. *Boyd, 96 Ga.* 808.

But it is said that in the present case recovery of rent is sought, not against the grantor, but against a tenant of the grantor, after default by the latter, which entitles the grantee to possession of the land. It is readily seen that while the relation of landlord and tenant may not exist between the grantor in a security deed and his grantee after default (because the entry of the grantor was not

under the grantee), such a relation may exist between the grantee and a tenant of the grantor, whose entry after default by the grantor was an entry under the grantee. If the tenant of the grantor entered before the latter's default, notice by the grantee to the tenant, after the grantor's default, might possibly operate as if the tenant had attorned to him. *Morrow* v. *Sawyer,* 82 *Ga.* 226. So if McCurdy, the defendant, was a tenant of the grantor in the security deed under which the plaintiff, as grantee therein, claims rent, he might have become a tenant of the grantee upon notice by the latter to him of his claim. Campbell, the grantor in the security deed, was adjudged a bankrupt after default in the payment of the debt to secure which the deed was given. If Campbell had put McCurdy in possession, he might possibly be looked upon as an agent of the grantee in putting McCurdy into possession of the premises; or, as the trustee in bankruptcy stood in Campbell's place, any tenant put in by such trustee, upon notice from the grantee, might be liable to him for rent. The trustee sold the stock of merchandise in the store upon the premises in dispute to McCurdy. McCurdy took possession of the stock of merchandise and remained in possession of the premises. If this entry was such an entry as would entitle the trustee to maintain an action for rent, the plaintiff might maintain such an action. For after notice to McCurdy by the grantee— treating this as an attornment,— McCurdy would become the tenant of the plaintiff. But McCurdy did not enter as a tenant either under Campbell or the trustee in bankruptcy. His entry was under a license to take possession of the stock of merchandise. By remaining in possession of the premises he abused his license, and became a trespasser ab initio. *Markham* v. *Brown,* 37 *Ga.* 281. As a trespasser, no action for rent could lie against him. The demurrer to the petition was therefore properly sustained; and the judgment of the court below is accordingly

*Affirmed. All the Justices concur.*