NORMAN, solicitor, *et al. v.* WYNNE, judge.

Where an act creating a city court provides that the fees of the solicitor of such court shall be as follows: "For every case founded on accusation finally disposed of in [the] city court, ten dollars. For every indictment or special presentment finally disposed of in said court,

five dollars. For all other services not provided for by this act, the same fees as are allowed solicitors-general for like services and cases in the superior courts," the solicitor of the city court is entitled to only ten dollars for a joint accusation against two or more persons tried jointly.

APRIL 14, 1911.

Petition for mandamus. Before Judge Meadow. Wilkes superior court. July 11, 1910.

*W. D. Tutt,* for plaintiffs. *F. H. Colley,* for defendant.

FISH, C. J. Norman as solicitor, and Vinns as clerk, of the city court of Washington, Ga., filed a petition in the superior court of Wilkes county for mandamus to compel the judge of such city court to approve for payment an insolvent-cost bill, arising from the trial and disposition of cases founded on accusation. This bill was based on eleven accusations tried in the city court. Each accusation was against two defendants jointly, and the defendants in each case were tried jointly. The act establishing the city court of Washington provides for the payment of the solicitor of such court as follows: "For every case founded on accusation finally disposed of in [the] city court, ten dollars. For every indictment or special presentment finally disposed of in said court, five dollars. For all other services not provided for by this act, the same fees as are allowed solicitors-general for like services and cases in the superior courts. For representing the State in every case carried to the Supreme Court from said city court, fifteen dollars." Acts 1905, p. 403, sec. 12. It was claimed by the solicitor that the clause, "For every case founded on accusation finally disposed of in [the] city court, ten dollars," entitled him to a fee of ten dollars for each person named and tried upon joint accusation. The judge of the city court held that this clause meant that the solicitor was entitled to only ten dollars for the entire trial of the joint accusation. The fees claimed by the solicitor of the city court were in cases tried prior to the passage of the act of August 12, 1910 (Acts 1910, p. 221), amending the act of August 9, 1905 (Acts 1905, p. 403), establishing the city court of Washington.

There being no issue of fact, the case was heard without the intervention of a jury and the court rendered judgment refusing a mandamus absolute, and to this judgment petitioners excepted.

One of the contentions of the plaintiffs in error is that the legislature must have intended to allow this fee for each person prose-

cuted, since such is allowed the solicitors-general by Penal Code (1910), § 1126; and since most other acts creating city courts allow the solicitors "the same as allowed to solicitors-general." We think this does not follow. Rather is it to be noticed that in creating this court, most of the fees are laid down as being the same as solicitors-general receive, but in certain particulars the fees are made different. It would appear to be the legislative intent to clearly except from the general rule the fees for certain services, and the provision of ten dollars "for every case" is the one first mentioned in this section of the act.

It was held *In re Kenan,* 109 *Ga.* 819, 821 (35 S. E. 312, 313), that "If two persons are indicted jointly for an offense and tried together, there is but one case." So in *Officers of Court* v. *Wyatt,* 62 *Ga.* 172, it was ruled that "Where four defendants are jointly indicted and jointly tried, the clerk of the court, under section 3695 of the Code, ['For every bill of indictment, when the defendant is arraigned, tried and found guilty, including all services, $5.00'] is only entitled to five dollars costs." We have dealt with the only question referred to in the brief of counsel for plaintiffs in error. Accordingly it results that the mandamus was properly refused.          *Judgment affirmed. All the Justices concur.*