## BITTING *et al. v.* CHATTOOGA COUNTY BANK *et al.*

In view of the evidence submitted to the court upon the application for injunction, as well as on account of the prior adjudication as to the same property although between different parties, the chancellor did not err in refusing an injunction, or in dissolving the temporary restraining order which he had previously granted.

No. 4237. OCTOBER 15, 1924.

Petition for injunction. Before Judge Irwin. Chattooga superior court. February 9, 1924.

*C. D. Rivers* and *Wesley Shropshire,* for plaintiffs.

*John D. & E. S. Taylor* and *Denny & Wright,* for defendants.

RUSSELL, C. J. N. K. Bitting, Arthur C. Brewer, and Irving S. Brewer filed a petition against the Chattooga County Bank, John D. Taylor, E. S. Taylor, and D. J. Tate, praying that the defendants be enjoined from cutting or removing timber from a certain tract of land described in the petition, alleging that their damages were irreparable. It was alleged in the petition that Judge Moses Wright was disqualified by reason of his relationship to E. S. Taylor, one of the defendants, and a rule nisi was issued and a temporary restraining order granted by Judge F. A. Irwin, of the Tallapoosa circuit. Upon the hearing provided in the above-stated order the presiding judge refused to grant an injunction, and dissolved the restraining order which he had previously issued. It appears from the record that N. K. Bitting sold the lands mentioned in the petition to D. J. Tate for $3000 in cash and three notes for $1000 each. Bitting sold the notes to A. C. Brewer and made him a deed to the property, subject to the bond for title held by Tate. In 1922 Brewer filed a petition seeking to enjoin Tate from cutting the timber from the same lands here involved; and after hearing evidence the court passed an order continuing in force a temporary restraining order forbidding Tate to cut any timber until he should have paid the first of the three notes which he had given to Bitting and which had been transferred by the latter to A. C. Brewer, but revoking

the restraining order whenever Tate should pay the first note which was due January 1, 1923. In 1923 Tate borrowed $1000 from the Chattooga County Bank and paid the note due January 1, 1923, in accordance with the judgment of the court referred to, thereby dissolving the provisional injunction, and leaving a balance of only $2000 due on the purchase-money of the land. The present petition, like the one to which we have just referred, was brought to enjoin the cutting of timber from the same tract of land.

Bitting and Brewer were privies in estate, the one having conveyed to the other. Likewise when Tate transferred his bond for title to the Chattooga County Bank, they became privies in estate. The judgment rendered was conclusive upon them. Civil Code (1910), § 4336. We think the ruling in this case is controlled by the decision in *Small* v. *Slocumb,* 112 *Ga.* 279 (37 S. E. 481, 53 L. R. A. 130, 81 Am. St. R. 50), in which it was held: "The vendor of land who retains title thereto for the purpose of securing the payment of the purchase-money can not by injunction prevent the vendee from clearing the land and cutting the timber thereon, unless such acts impair the value of the vendor's security. The evidence being conflicting upon this point, this court will not interfere with the discretion of the trial judge in finding that the value of the vendor's security was not lessened by the acts of the vendee." We think this authority is controlling. As heretofore stated, the title to the land was retained by Bitting and by him transferred to Brewer, who thus became his privy in estate; and there was ample evidence to authorize the judge to find that the land would be ample security for the balance of the purchase-price unpaid, even were all the timber cut from the premises. Furthermore, there was no attempt to show that D. J. Tate was insolvent. Under the circumstances disclosed by the evidence, the insolvency of Tate must have been shown before it could have been held that the refusal of the injunction was an abuse of discretion on the part of the lower court. *Kehler* v. *Jack Mfg. Co.,* 55 *Ga.* 639 (3).            *Judgment affirmed. All the Justices concur.*