## UVALDA NAVAL STORES COMPANY *v.* CULLEN.

1. Where an owner of land conveyed it by two deeds to secure debt, one being subject to the other, and containing a power of sale in default of payment of the secured debt, and where the owner thereafter conveyed by deed to others his equity of redemption, and they conveyed to still another, who leased the pine timber on the land to certain persons for turpentine purposes, who in turn assigned and conveyed to a sublessee all their right, title, and interest in the timber for turpentine purposes, the lease and assignment thereof being executed after the record of the security deeds; and where the grantor in such deeds defaulted in the payment of the debt secured by the second of them, whereupon the grantee creditor in the exercise of the power of sale duly advertised and sold the land, subject to the first security deed, for a consideration less than the debt secured by the second deed, the purchaser acquired title to the land, including the timber so leased, superior to the rights of the lessees and of those claiming under them. The lessees and those claiming under them took the lease and its assignments subject to the security deeds, and subject to have the lease and their rights thereunder terminated by sale of the land by the grantee under power of sale in the second deed, for default in the payment of the debt thereby secured.

Injunctions, 32 C. J. p. 142, n. 41.
Mortgages, 41 C. J. p. 489, n. 26, 27; p. 996, n. 14; p. 1001, n. 4.

2. The trial judge did not err in granting, at the instance of the purchaser, an interlocutory injunction restraining the ultimate assignee of the lease from using the timber on the land for turpentine purposes, after the purchaser had acquired title at such sale.

No. 5839. October 14, 1927.

Injunction. Before Judge Graham. Montgomery superior court. November 27, 1926.

*M. B. Calhoun* and *J. Wade Johnson,* for plaintiff in error.

HINES, J.   Hatwell Hitchcock owned a described tract of land in Toombs County, this State.   On May 6, 1920, he conveyed this land to Pearsons-Taft Land Credit Company, to secure a loan of $5,000; and on the same day executed a second security deed on said land to said company to secure a debt of $410.65.   Hitchcock remained in possession of the land.   Thereafter he conveyed his equitable title and interest in said land to G. W. Lankford and J. J. Williams, who in turn conveyed the same to W. H. Partin, who immediately entered into possession of said land.   On December 18, 1924, Partin leased to Sellers & Sellers the pine timber on said land for turpentine purposes.   The Uvalda Naval Stores Company is the successor in title to said turpentine privilege so granted to Sellers & Sellers.   The above conveyances and lease were properly recorded prior to April 14, 1926. The Uvalda Naval Stores Company began operating said turpentine privilege immediately, and were operating the same at the time of the sale of this land under the power of sale contained in said second security deed.   Hitchcock made default in the payment of the debt of $410.65, secured by the second deed to Pearsons-Taft Land Credit Company.   This deed contained a power of sale, authorizing said company, after due advertisement, to sell said land; and said company exercised said power by properly advertising the land and selling the same on April 4, 1926, subject to its first security deed.   L. J. Cullen became the purchaser of the land under the sale by Pearsons-Taft Land Credit Company, under said power of sale, for the consideration of $100.   On September 22, 1926, Cullen filed his petition to enjoin the Uvalda Naval Stores Company from turpentining the pine timber on said land. By agreement of the parties the sole question to be determined by the judge was whether the title of Cullen was superior to the title of the Uvalda Naval Stores Company.   The trial judge decided this question in favor of Cullen, and granted an inter-

locutory injunction. To this judgment the defendant excepted.

1. A deed to secure debt passes to the vendee the title to the property thereby conveyed, till the debt which the conveyance was made to secure shall be fully paid, "and shall be held by the courts of this State to be an absolute conveyance, with the right reserved by the vendor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured agreeably to the terms of the contract, and not a mortgage." Civil Code (1910), § 3306. While such a deed is an absolute conveyance, it does not convey to the vendee therein an absolute estate. The grantor in such a deed retains the right of possession and the right of redemption by payment of the debt, and consequently an equitable estate in the land, which may be assigned or subjected to the payment of his debts. *Tift* v. *Dunn,* 80 *Ga.* 14 (5 S. E. 256) ; *Citizens Bank* v. *Taylor,* 155 *Ga.* 416 (117 S. E. 247). So the vendor of land who retains title thereto for the purpose of securing the payment of the purchase-money can not by injunction prevent the vendee from clearing the land and cutting the timber thereon, unless such acts impair the value of the vendor's security. *Small* v. *Slocumb,* 112 *Ga.* 279 (37 S. E. 481, 53 L. R. A. 130, 81 Am. St. R. 50). So the vendor in such deed will not be enjoined from cutting the timber on the land thereby conveyed, unless such act impairs the value of the vendee's security. *Bitting* v. *Chattooga County Bank,* 159 *Ga.* 78 (124 S. E. 899). One who makes to another a deed to land for the purpose of securing a debt, but retains possession of the land, does not thereby become the tenant either of the creditor or his vendee, and is not subject at the instance of the latter to be ejected from the land as a tenant holding over. *Ray* v. *Boyd,* 96 *Ga.* 808 (22 S. E. 916). Where the vendee in a security deed brought suit against the vendor upon the debt secured, obtained judgment on the debt and a special lien upon the land, and sold the same, the vendee becoming the purchaser at such sale, he could not bring suit against one who occupied the premises at the time such person entered into possession until he surrendered possession to the purchaser at the sheriff's sale. *Slevens* v. *McCurdy,* 124 *Ga.* 456 (52 S. E. 762). Where the vendor in a security deed died, and a year's support was duly set apart to his widow, embracing all his right, title, and interest in the land conveyed by such deed,

the widow, remaining in possession, was entitled to rents and profits of said land, until the institution of an action to recover the land or other appropriate proceedings by the grantee in the security deed to subject the land and mesne profits to the loan due him. *Stevens* v. *Worrill,* 137 *Ga.* 255 (73 S. E. 366). So the vendor in a security deed, or those claiming under him as assignees, while in possession of the land thereby conveyed, and before the vendee sells the same either under a power of sale in the security deed or under a judgment obtained upon the secured debt, can lease the timber therein conveyed for turpentine purposes, unless such act impairs the value of the vendee's security. Such lease, when made after the execution and due record of the security deed, is made subject thereto, and the rights of the lessees and those claiming under them terminate upon the sale of the property by the vendee in the security deed, under a judgment obtained upon the secured debt, or by an exercise of a power of sale embraced in the security deed. A sale under such power, after due advertisement of the property conveyed by the security deed, is equivalent to a sale under a decree in equity. *Ellis* v. *Ellis,* 161 *Ga.* 360 (130 S. E. 681). Such sale passes the title to the premises in such deed to the purchaser at such sale; and such sale terminates the rights of lessees and those claiming under them under a lease to the pine timber standing on the land embraced in such security deed, where such lease is made subsequently to the security deed and the record thereof. *Garrison* v. *Parker,* 117 *Ga.* 537 (43 S. E. 849) ; *Chason* v. *O'Neal,* 158 *Ga.* 725 (3), 732 (124 S. E. 519).

2. It follows from the foregoing that the trial judge did not err in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*