WILLIAMS & BESSINGER et al. v. FOY MFG. CO.

LITTLE, J.   1. When one has borrowed a sum of money and conveyed land to the lender as security for the payment of the debt, and received from the grantee a bond conditioned to reconvey on the payment of the debt, the interest pertaining to such land which the grantor thereafter possesses,

until the debt is paid,·is the right to redeem. Civil Code, §§ 2771, 2774 ; *Hockenhull* v. *Oliver*, 80 *Ga.* 89 ; *Chapman* v. *Ayer*, 95 *Ga.* 581.

2. This right to redeem is an equitable estate in the land, and may be sold and conveyed, subject to the paramount right of the original grantee to have all of the land appropriated to the payment of his debt. 1 Jones on Mortgages, §§ 6 and 8.

3. When, therefore, the original grantor, after the execution and delivery of the security deed, for a valuable consideration conveys to a third person, with notice of the first conveyance, all the timber growing on the land, subject to the rights of the first grantee, the legal effect of such second conveyance is to give the grantee therein named the right to the timber if the grantor redeems the same, and also the equitable right to redeem the land for the purpose of having the title to his timber unencumbered. 2 Story's Eq. Jur. § 1023.

4. When, however, the grantor subsequently sells to still another person, with notice of the prior conveyance of the timber, his right to redeem the land, and transfers to him his bond for titles, and such person redeems the land by paying up the indebtedness originally created and receives from the lender a conveyance of the land in his name, such person takes the title subject to the right of the grantee of the timber to pay a proportionate part of the original debt and convert into a legal title the equitable interest in the timber originally conveyed.

5. In such a case, before redemption, each of the parties having an equitable interest in the land, acquired subsequently to the execution of the security deed, was possessed of equities — one as to the timber, the other as to the land without the timber. When the grantee of the land paid the debt to secure which the outstanding deed was given, and took a conveyance of the land to himself, the equity of the grantee of the timber was not destroyed, but the grantee of the land was entitled to hold both estates thus redeemed, until, under the doctrine of contribution, the grantee of the timber reimbursed him by paying such proportion of the amount he paid to redeem as the value of the timber at the time of the redemption bore to the value of the land including the timber. 28 Iowa, 472 ; 37 N. H. 501 ; .20 Pa. St. 222. An analogous equitable principle is embodied in the Civil Code, § 3992.

6. The verdict was contrary to the evidence, and the charge in some·particulars antagonistic to the rulings made. Therefore a new trial should have been awarded. *Judgment reversed. All the Justices concurring.*

Submitted June 20, — Decided August 7, 1900.

Equitable petition. Before Judge Evans. Bulloch superior court. December 1, 1899.

*H. B. Strange*, for plaintiffs in error.
*Brannen & Moore*, contra.