O'CONNOR, executrix, *v.* GEORGIA RAILROAD BANK.

CANDLER, J. A borrowed money of B, giving as security a deed to real estate and taking a bond to reconvey the property on payment of the money borrowed. Subsequently he transferred his bond to C. Between the time the security-deed was given and the time the bond to reconvey was transferred, creditors of A obtained judgments against him. A defaulted in the payment of his debt to B, and B foreclosed his security-deed, first putting title back into A for the purpose of levy and sale. At the sale of the property a surplus was realized over and above the amount of B's claim. *Held:* Regardless of the inability of A's creditors to levy on the equity of redemption, the lien of their judgments attached to his interest in the land from the date of rendition (*Shumate* v. *McLendon,* 120 *Ga.* 396) ; and the right of the creditors to subject the surplus realized from the sale under the security-deed to the payment of their judgments was superior to the claim of the transferee of the bond to reconvey, whose interest was acquired subsequently to the date of their judgments.

*Judgment reversed. All the Justices concur.*

Argued October 5,—Decided October 17, 1904.

Money rule. Before Judge Eve. City court of Richmond county. July 13, 1904.

*C. Henry Cohen,* for plaintiff in error.
*Joseph B. & Bryan Cumming,* contra.

---

SOLOMONS & COMPANY *v.* MERCHANTS AND MINERS TRANSPORTATION COMPANY.

SIMMONS, C. J. The verdict as rendered not being demanded by the law and the evidence, this court will not interfere with the discretion of the trial judge in granting a first new trial.

*Judgment affirmed. All the Justices concur.*

Argued October 6, —Decided October 17, 1904.

Action for damages. Before Judge Norwood. City court of Savannah. March 3, 1904.

*Saussy & Saussy,* for plaintiff in error.
*Garrard & Meldrim,* contra.