## WOOD *v.* DOZIER, administratrix, *et al.*

Under the facts of the case, the judge did not err in rendering the judgment distributing the fund.

OCTOBER 1, 1914.

Equitable petition. Before Judge Pendleton. Fulton superior court. January 4, 1913.

*P. S. Etheridge* and *J. A. & J. M. Noyes,* for plaintiff in error.
*John F. Methvin, H. A. Etheridge,* and *J. H. Porter,* contra.

FISH, C. J.  Mrs. Susie E. Dozier, as administratrix of the estate of John A. Dozier, brought an action against Hightower, Wood, and Treadwell & Company, creditors of the estate.  The relief sought was an adjudication as to the priority of the respective claims of the defendants relatively to certain realty which the intestate had owned.  By consent the case was submitted to the judge for decision without a jury.  There was no controversy as to the facts, which were to the following effect:  On September 3, 1908, the intestate by a security deed conveyed the realty involved to Hightower, taking a bond for reconveyance to the grantor, his heirs, assigns, etc., upon payment of the debt.  On September 8, 1910, the intestate mortgaged the same property to secure the payment of a stated indebtedness to Wood.  This instrument purported to convey the entire estate or interest in the property, but contained a defeasance clause, as well as a statement that it was given subject to the security deed to Hightower.  On October 27, 1910, the intestate conveyed the same property, and some other, by security deed to Etheridge, to secure the payment of certain indebtedness, and, as additional security, the intestate at the same time transferred to Etheridge the bond for reconveyance given by Hightower to the intestate.  This conveyance to Etheridge was, in form, an absolute, fee-simple, warranty deed containing a clause to the effect that the property thereby conveyed was subject to the Hightower security deed and the Wood mortgage.  Etheridge, at the time he took the security deed, gave the intestate a bond to reconvey the property upon payment of the debt which the deed was given to secure.  Subsequently Etheridge conveyed and transferred all of his right, title, and interest in the property to Treadwell & Co.  The intestate was in possession of the property when all the transactions above referred to occurred, and remained in possession until his death.  His estate was insolvent.  A judgment for a certain sum of money as a year's support was rendered in favor of the widow of the intestate, which she claimed to be a lien on the realty here involved of higher dignity than any held by the creditors.

By consent of all parties interested, and by order of the judge of the superior court who tried the case, the property was sold free of all liens and claims, the fund arising from the sale to be distributed according to the legal priority of the claims against the property.  The property did not sell for enough to pay all the claims against it.  On the trial, by the written agreement of all

parties interested, the judge ordered that the claim of Hightower, the grantee in the first security deed, be first paid in full from the fund. As to the balance of the fund, the judge decided that the claim of Treadwell & Company, who held under Etheridge, the grantee in the last security deed, and the transferee of the Hightower bond, should be next paid in full, and that the remainder of the fund (which was not sufficient to satisfy it in full) be paid on the judgment for the year's support. Wood, the mortgagee, excepted to this judgment.

Under our statute the security deed to Hightower passed the title to the grantee until the debt secured should be fully paid; the right to a reconveyance upon payment .(usually referred to as the equity of redemption) being reserved by Dozier, the grantor, and evidenced by the bond given him by Hightower. Civil Code (1910), § 3306. Subsequently, when the mortgage was given to Wood, the debt to Hightower not having been paid, the right to a reconveyance upon its payment was—save the right of possession— the only right or interest Dozier then had in the property. The mortgage did not purport to be given on this equity, but on the entire interest or estate in the property, subject, as expressly stated, to the claim of Hightower under the security deed. "If one gives a mortgage on land in his possession, to which he at the time has no title, but afterwards acquires title to the same, such title enures to the benefit of the mortgagee, and the mortgage lien attaches to the land, as against the mortgagor, the moment the mortgagor's title thereto is acquired." *Hill* v. *O'Bryan,* 104 *Ga.* 137 (30 S. E. 996). Dozier was in possession of the property, but the title was in Hightower, at the time the mortgage to Wood was given. When, after the death of Dozier, the property was sold, in accordance with the agreement of all parties interested, as set out in the foregoing statement of the facts, and from the proceeds of the sale the debt due to Hightower, and secured by the security deed, was paid, the title would have been revested in the estate of Dozier, and the lien of Wood's mortgage would have attached to the balance of the proceeds, but for the transfer by Dozier to Etheridge of the bond for reconveyance given by Hightower to Dozier, and the security deed he gave Etheridge, with bond from the latter to reconvey upon payment of the secured debt. However, if the transaction with Etheridge had never occurred, and the estate of Dozier had acquired title to the property, or the proceeds of the sale thereof, by

payment of the debt to Hightower, the claim of Dozier's widow for a year's support would have attached immediately upon the title being put in the estate, and have been superior to the lien of the mortgage, and entitled to priority of payment. The payment of the Hightower claim, however, did not operate to put the title in the estate of Dozier, for the reason that he, to secure a debt he owed Etheridge, transferred to him the Hightower bond for title or reconveyance, which gave Etheridge, or Treadwell & Company to whom he transferred his interest, the right to the title. Dozier also gave Etheridge a security deed on the same property, taking his bond for reconveyance upon the payment of the debt. Therefore, in order to put the title to the property, or the proceeds of its sale, in the estate of Dozier, it was essential that payment be made of both the debt due Hightower and that due Etheridge, or Treadwell & Company, his assignee. Before either the claim of Wood under his mortgage or that of the widow for year's support could attach to the property, or the proceeds of the sale under the agreement, it was necessary that the property or such proceeds should become the property of the estate of Dozier; and this could not be until the Etheridge or Treadwell & Company claim was paid, although when created it was agreed that it was inferior to the mortgage of Wood. It follows that the judge did not err in the judgment rendered.

The mortgagee, Wood, contended that the security deed under which Treadwell & Company held covered other property than that the proceeds of the sale of which were before the court for distribution, and that Treadwell & Company consented, when such other property was sold by the administratrix, for a part of the proceeds of such sale to be applied to a claim against the estate of the intestate, Dozier, of inferior dignity to the claim of Treadwell & Company; and therefore that in equity the claim of Treadwell & Company should be credited with the amount which they consented should be paid from the proceeds of the sale of the other property to such inferior claim. The mortgagee further contended that the claim of the widow for a year's support should be credited with the rental of the dwelling-house of the intestate, which she occupied from the time of his death to the sale of the property, the evidence showing the value of such rental. Even if these contentions of the mortgagee were sound, the refusal of the judge to require the claim

of Treadwell & Company and the claim of the widow for a year's support to be charged with such amounts did not hurt the mortgagee, for the reason that the fund for distribution was not sufficient to pay the claim of Treadwell & Company, and of the widow, even if they had been reduced in accordance with the contention of the mortgagee. *Judgment affirmed. All the Justices concur.*