## OWENS, administrator, *v.* KEENEY *et al.*

The grantor gave to three creditors security deeds differing in dates and amounts. Each of these creditors obtained judgment on his respective debt, and the land was sold under the fi. fa. based on the debt secured by the oldest deed, agreeably to the statute in such case made and provided. In a contest over the balance of the proceeds of the sale, after paying the fi. fa. under which the land was sold, it was not error to apply the money to the other judgments based on debts secured by the other deeds, in preference to a general judgment junior to the security deeds but older than the judgments on the debts secured by them.

> DECEMBER 13, 1916.

17

Money rule. Before Judge Pendleton. Fulton superior court. November 1, 1915.

*Mayson & Johnson,* for plaintiff in error.

*Douglas & Douglas* and *Hewlett, Dennis & Whitman,* contra.

HILL, J. This case arose upon issues presented in a money rule brought by P. G. Keeney *v.* C. W. Mangum, sheriff of Fulton county, and the answer of the sheriff, and is a contest between certain contract liens and a judgment lien. It appears from the record that Keeney obtained a general judgment in the city court of Atlanta, against Mrs. L. M. Bostick, on July 6, 1915, for the principal sum of $700, with interest and costs, and that the same was established as a special lien on a certain described lot of land in the city of Atlanta. This judgment was based on a note dated May 26, 1914, and secured by warranty deed to the lot to secure a loan from Keeney to Bostick. The lot was sold under a judgment in favor of Irvine L. Eiseman against Mrs. L. M. Bostick, the judgment being dated July 6, 1915, and was based on a note dated August 23, 1909, for the principal sum of $1750, the note being secured by a deed of the same date covering the same parcel of land. The judgment was for $1978.70, including principal, interest, and attorney's fees.

W. E. Treadwell & Company obtained a general judgment in the city court of Atlanta against Mrs. Bostick, July 6, 1915, which was also made a special lien on the same property, for the sum of $1776.50, covering principal, interest, and attorney's fees on a note dated May 28, 1914, which was secured by a warranty deed of the same date on the same property.

L. L. Owens, administrator, on July 7, 1914, obtained a general judgment against Mrs. Bostick for the principal sum of $1900, $126.35 interest, and $202.65 as attorney's fees, and costs. His suit was filed on July 13, 1914, and notice of intention to bring it was given on June 4, 1914. He caused summons of garnishment to be issued and served on the sheriff after the sale of the land and the payment in full of the Eiseman fi. fa. The land brought at the Eiseman sale $3100, and there remained in the sheriff's hands, at the time of the hearing on the rule, the sum of $1016.34, and this sum was claimed by Keeney on account of his deed being the second loan deed, and the balance by Treadwell & Company on their deed which was the third on the property.

Owens, administrator, claimed the money in the hands of the sheriff, by reason of the fact that he had the oldest judgment.

The court ordered that Keeney be paid first, in full, the amount of his fi. fa., that the residue be applied to the claim of W. E. Treadwell & Company, and that Owens as administrator of the estate of B. B. Owens pay the costs of the case. To this judgment Owens, administrator, excepted.

1. It is contended by Owens as administrator that the conveyance by Mrs. Bostick to Eiseman conveyed all the title that she had to the lot, and that the second and third loan deeds conveyed no title whatever, and that no interest in the land remained in Mrs. Bostick on which the special liens could be established. It is further argued that if Mrs. Bostick desired to secure Keeney, or Treadwell & Company, she could only do so by transferring the bond for title to reconvey to one or both of them; that the loan deed conveyed nothing, because there was nothing to convey; that she should have transferred the "bond for title interest," because she ought to have had a bond for reconveyance, etc., and it not appearing that the bond for title was assigned to either Keeney or Treadwell & Company, they had nothing upon which to base their claim to the surplus remaining in the hands of the sheriff, and consequently the residue in his hands ought to be awarded to the Owens judgment. We do not think these contentions are sound. In the first place, it does not appear from the record that Mrs. Bostick had a bond for title. Be that as it may, whatever interest she had in the land was conveyed by her several deeds. Each deed subsequent to the first amounted to a conveyance of whatever equitable interest she had in the land, and was as effectual as a conveyance as a transfer of a bond for title would have been, and each deed according to its priority conveyed that interest, whatever it was, whether large or small, to the vendee therein. As long as Mrs. Bostick had an equity in the land she could convey it by successive deeds. There is no contention that the loan deeds were not properly executed or recorded. Nor is there any insistence that, when the land was sold under the Eiseman fi. fa., a deed of reconveyance was not made from Eiseman to Mrs. Bostick for the purpose of levy and sale, or that the surplus money in the hands of the sheriff arising from such sale was not thus obtained. We think the court properly awarded the surplus money in the

hands of the sheriff, first to the Keeney fi. fa., and the residue to Treadwell & Company, instead of to the older judgment of Owens, administrator. See *O'Connor* v. *Georgia Railroad Bank*, 121 *Ga.* 88 (48 S. E. 716).

We think the court also properly awarded costs against Owens, administrator. He was cast in the suit, and the costs should not go against the prevailing parties.

*Judgment affirmed. All the Justices concur.*