## BECKCOM v. SMALL.

ATKINSON, J. A grantor in a duly recorded security deed executed under the provisions of the Civil Code, §§ 3306, 3310, 6037, to secure a debt for the principal sum of $25,000, besides interest and attorney's fees, executed a second security deed conveying the same property to a different person to secure a debt for the principal sum of $7935.65, with interest and attorney's fees. The grantor remained in possession after execution of both deeds. Following immediately after the description of the land in the second deed were the words and figures: "There is a prior claim for $25,000.00 in favor" of the grantee in the first deed. The second deed contained also a provision for accelerating maturity of the principal debt for failure to pay annual interest installments as they should mature, or taxes, and the like, and declared that the grantee or her assigns are "authorized to sell at public outcry, before the court-house door, . . to the highest bidder for cash, all of said property to pay said principal with the interest thereon to the date of sale and the expenses of the proceeding, including fees of attorneys, if incurred, of ten per cent. on the amount of the principal and interest due," after advertising the time, place, and terms of sale . . once a week for four weeks prior to said day of sale, . . and the said party of the second part, . . may make to the purchaser or purchasers of said property good and sufficient titles in fee simple to the same, thereby divesting out of the said party of the first part all right and equity that she may have in and to said property, and vesting the same in the purchaser or purchasers aforesaid." The grantee as holder of the second deed, without having paid off or acquired the first deed, undertook to exercise the power of sale expressed in the second deed, on the ground that default had been made in payment of the debt. The advertisement announced for sale "the equity of redemption" in the land, and described the debt and the power of sale as specified in the second deed. The advertisement concluded with the words and figures: "Said land is subject to a prior lien in favor of the [grantee named in the first deed] for the sum of $25,000.00, and said property will be sold subject to said first lien." While the property was being so advertised the grantor instituted an action to enjoin the sale, on the grounds: (a) That the grantee had not paid off or otherwise acquired the first security deed. (b) The advertisement gives notice that the "equity of redemption" will be sold, whereas the power of sale conferred upon the grantee in the second deed does not authorize sale of the equity of redemption. (c) The advertisement is ambiguous and confusing, in that it fails to state accurately the status of the title, the statement being that the property "is subject to a prior lien," and will be sold subject to "said first lien" of the first deed, when in truth the grantee in the first deed holds "legal title to said property." At an interlocutory hearing the case was submitted upon the pleadings, from which the foregoing facts appear. The judge refused an interlocutory injunction, and the plaintiff excepted. *Held:*

1. As between the grantor and the grantee named in the second deed, the power of sale contained in such deed was valid, and authorized sale of the property under the conditions specified in the power, and the execution of the deed to the purchaser in pursuance of the sale. Such sale and conveyance would not divest or affect the title of the grantee named in the first deed or his successors in title, but, purporting to .convey the property in fee simple, would accomplish an assignment of the property subject only to the defeasible title held under the first deed; and thus the conveyance would include all equity of redemption or equitable interest, by whatever name called, of the grantor in the second security deed. *Williams* v. *Foy Mfg. Co.*, 111 *Ga.* 856 (36 S. E. 927).

2. The advertisement was in substantial compliance with the power conferred, and was not invalid on account of either of the grounds of attack made upon it.

3. The judge did not err in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 2338. SEPTEMBER 27, 1921.

Petition for injunction. Before Judge Mathews. Bibb superior court. November 20, 1920.

*Harris, Harris & Witman* and *Hall, Grice & Bloch,* for plaintiff. *Jordan & Moore,* for defendant.