GUARANTY INVESTMENT AND LOAN COMPANY *v.* ATHENS ENGINEERING COMPANY *et al.*

ATKINSON, J. T. C. Dunlap, being vice-president of the Guaranty Investment and Loan Company, a corporation, executed in his individual capacity a deed conveying a city lot to that company, as security for a loan of $4000, and received a bond for title, conditioned to reconvey the property on payment of the loan. The deed contained a power of sale. and was duly recorded. On the day the deed was executed Dunlap transferred and assigned the bond for title back to the loan company as security for an additional amount of $2000. Neither the bond for title nor the transfer thereof was ever recorded Subsequently the loan company sold the property, after due advertisement, in pursuance of the power expressed in the deed, and from the proceeds paid all the expenses of the sale and the entire indebtedness to the loan company, and prorated a balance which was left over among certain lien creditors of Dunlap. The amount so distributed was insufficient to discharge the liens. Among such lien creditors were the Athens Engineering Company, that held a statutory material-

man's lien duly declared and foreclosed by judgment, and J. Dornblatt, who held a contractor's and materialman's lien, which was also duly declared and foreclosed, for work done and material furnished in constructing the house on the lot. After so participating in such distribution the Athens Engineering Company and Dornblatt united in an equitable action against Dunlap and the loan company, seeking to set up priority of their respective liens over the security deed and the transfer of the bond for title, to declare that relatively to such liens the loan company illegally held such portion of the proceeds of sale as had been applied to payment of the debts owed to it, and to compel the loan company to pay into court a sufficiency of such funds to discharge the liens. The petition as amended alleged all that is stated above, and an offer to pay into court the sums which plaintiffs had received on their respective judgments. The petition did not allege the date of the security deed or of the transfer of the bond for title, or the dates upon which the material was furnished, or any other fact showing that the material was furnished prior to the execution of the deed or transfer of the bond for title. W. T. Broxton was allowed to intervene as a plaintiff. The petition for intervention was based on a contractor's lien for superintending the construction of the building, and was similar in all other respects to the original petition as amended, except that it alleged the date of the security deed, and that intervenor did not participate in distribution of the fund alleged to have been prorated among lien creditors. The loan company filed general and special demurrers to the original petition and intervention as amended. The demurrers were overruled. In a bill of exceptions assigning error on the judgment granting the plaintiffs a new trial, the defendant assigned error on exceptions pendente lite, which had been duly allowed, to the rulings of the court on demurrer. *Held:*

1. A corporation is not to be charged with notice of facts of which its vice-president acquires knowledge while dealing in his private capacity and in his own behalf with third persons; nor is knowledge on his part thus acquired imputable to the corporation, when, acting through another official, it deals with him at arm's length as with any other individual representing himself alone. *Peoples Bank* v. *Exchange Bank*, 116 *Ga.* 820 (3) (43 S. E. 269, 94 Am. St. R. 144); *Georgia Milk Producers' Asso.* v. *Crane*, 137 *Ga.* 50 (72 S. E. 414); *Union City Realty & Trust Co.* v. *Wright*, 145 *Ga.* 730 (3) (89 S. E. 822).

(a) The allegations that at the time of the execution of the loan deed and transfer of the bond for title the loan company "had knowledge of such circumstances through its officers, J. J. Wilkins, T. C. Dunlap, and S. R. Freeman, as would have put a reasonably prudent business man on inquiry as to the liens . . as hereinafter set forth, . . Dunlap was vice president of both [the loan company] and the Georgia National Bank of Athens, of which . . companies . . Wilkins was . . president, and these two therefore came into daily and close association, . . Freeman, also an officer of the [loan company], actually inspected the house that was being built by said Dunlap, . . and lived within sight of the same," were sub-

ject to special demurrer on the ground that under the circumstances knowledge of T. C. Dunlap would not be imputed to the loan company of which he was vice-president, and that the petition failed to allege circumstances which it was contended that the officers of the loan company had knowledge of that were sufficient to put a reasonably prudent business man on inquiry as to the alleged liens.

2. Where an owner conveys realty as security for a debt and receives a bond for title conditioned to reconvey the property on payment of the debt under the provisions of the Civil Code, §§ 3306 et seq., and after such conveyance transfers the bond for title as security for another debt, such transfer operates to assign the equity of the owner in the land subject to the loan deed. *McClure* v. *Smith*, 115 *Ga.* 709 (42 S. E. 53); *Wood* v. *Dozier*, 142 *Ga.* 538 (83 S. E. 133); *Kirkman* v. *Ashford*, 145 *Ga.* 452 (89 S. E. 411).

3. The Civil Code, § 4213, authorizes but does not require that such bonds for title should be executed and recorded with the formality prescribed for the execution of deeds to land. Prior to the act approved August 12th, 1921 (Acts 1921, p. 157), no statute provided for the record of a transfer of a bond for title, or required a record of such transfer or record of the bond for. title in order to be binding as against third persons. *McClure* v. *Smith*, supra.

4. Where a transferee accepts a bond for title as security for an additional loan subject to that specified in the loan deed, he acquires such equitable interest in the land as will entitle him on sale of the property under the loan deed to a sufficient amount of the proceeds after discharge of the debt secured by the loan deed to satisfy his debt; and his right will attach from the time he receives the transfer, and be superior to a subsequent materialman's lien. This ruling does not conflict with *O'Connor* v. *Georgia Railroad Bank*, 121 *Ga.* 88 (48 S. E. 716).

5. The Civil Code, § 3352, provides for liens for "all contractors, materialmen, and persons furnishing material for the improvement of real estate." The liens so specified are created by the same statute, are of the same character and governed by the same principles of law.

(*a*)  It is immaterial that materialman's liens and contractor's liens are both involved in the case under consideration.

6. When a contractor or materialman has done work or furnished material for the improvement of real estate, their liens when declared and created as provided in the Civil Code, § 3353, attach from the time the work under the contract is commenced or the material is furnished as against third persons having actual notice of such liens. *Oglethorpe Savings & Trust Co.* v. *Morgan*, 149 *Ga.* 787 (102 S. E. 528).

7. Where title to real estate is conveyed by a duly recorded deed to secure a debt, and the grantee takes the deed and advances the money loaned, without notice and before the record of a materialman's lien upon the property, the title thus acquired is superior to such lien. *Bennett Lumber Co.* v. *Martin*, 132 *Ga.* 491 (64 S. E. 484).

8. Where real estate has been sold as security for a debt, as indicated in the preceding note, and the bond for reconveyance has been duly assigned as security for another debt subject to the outstanding security deed, and subsequently a contest arises by the assertion of

priorities, over both the security deed and the transfer of the bond for title, of contractor's and materialman's liens duly declared and. created, it is incumbent on the plaintiff, in an equity suit insisting on the priority of such liens on the basis that the work was done or material furnished before execution of the security deed or transfer of the bond for title, to allege in the petition that the work was com-menced under the contract or the material furnished, as the case may be, prior to the time the security deed was executed, or the transfer of the bond for title was made, and that the holders of the security deed or bond for title, as the case may be, took with actual notice that the work had been so commenced and the material furnished.

9. Applying the principles hereinbefore stated, the petition as amended failed to allege a cause of action; and the trial court erred in over-ruling the general and special demurrers to the petition as amended.

10. The errors in the judgment overruling the demurrer affect and render nugatory all further proceedings in the case.

*Judgment reversed. All the Justices concur.*

No. 2407. FEBRUARY 14, 1922.

Equitable petition. Before Judge Cobb. Clarke superior court. December 29, 1920.

*Erwin, Erwin & Nix,* for plaintiff in error.

*Tate Wright* and *Carlisle Cobb,* contra.