### COOK *v.* GEORGIA FERTILIZER & OIL COMPANY *et al.*

FISH, C. J. 1. The petition is not demurrable because of misjoinder of parties or of causes of action. The petition is not multifarious because all of the defendants are not interested in all of the matters contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others. *Blaisdell* v. *Bohr,* 68 *Ga.* 56; *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97); *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380, 384 (75 S. E. 418).

2. A security deed to land conveys the legal title to the vendee, and the rights of the vendee can not be affected by subsequent acts of conveyance by the vendor to third parties. But the vendor has such an equitable interest in the premises conveyed as that he may create a valid second security deed, or lien, subject to the paramount right of the original grantee to have all the land appropriated to the payment of his debt. *Williams* v. *Foy Mfg. Co.,* 111 *Ga.* 856 (36 S. E. 927), and cases cited. Civil Code (1910), §§ 3306, 3310, 6037; *Willingham* v. *Huguenin,* 129 *Ga.* 835 (60 S. E. 186); *Beckcom* v. *Small,* 152 *Ga.* 149 (108 S. E. 542). And see *Kirkman* v. *Ashford,* 145 *Ga.* 452 (89 S. E. 411).

(*a*) Cook, in the present case, not having paid off any claim superior to that of the Georgia Fertilizer & Oil Co., and to which he would be entitled, and not being a transferee of any bond for title given by the holders of prior security deeds, the case at bar is different from the cases

of *Crummey* v. *Bank,* 30 *Ga.* 670; *Williams* v. *Foy Co.,* 111 *Ga.* 135 (supra); *Crawford* v. *Maddox,* 117 *Ga.* 135 (43 S. E. 421).

(b) The case of *Wood* v. *Dozier,* 142 *Ga.* 538 (83 S. E. 133), differs in its facts from the instant case. There, Dozier, the owner of the land, gave to Hightower a deed to secure a debt, and took from Hightower a bond for reconveyance when the debt was paid. Afterwards he gave to Etheridge a second security deed, and at the same time transferred to Etheridge his bond for title from Hightower. Etheridge transferred all his right, title, and interest in the property to Treadwell & Co., including the bond for title from Hightower to Dozier. Afterwards Dozier mortgaged the property to Wood. When this mortgage was given, Dozier had neither the legal title nor an equity in the property, and under these circumstances there was at no time any title or interest in Dozier on which the mortgage could operate. This court held in that case that if the prior security deeds had been paid, then the mortgage would have become binding on the property. If the debts secured by these prior security deeds had been paid off, then the title would have revested in Dozier, and the mortgage given by him would then attach to the land. In that event, the year's support of the widow would have been superior to the mortgage deed, under our law.

3. The petition as amended set forth an equitable cause of action, and the court did not err in overruling the demurrer filed thereto.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent.*

No. 2869. AUGUST 17, 1922.

Equitable petition. Before Judge Gower. Wilcox superior court. September 2, 1921.

The Georgia Fertilizer and Oil Company brought an equitable petition against Emma M. Mitchell, T. D. Mitchell, Bank of Abbeville, and T. M. Cook, in which it was alleged, that the defendant Emma M. Mitchell as the owner of certain real estate executed and delivered a deed to the British & American Mortgage Company Limited, to secure a debt of $7,000, and afterwards executed and delivered a security deed to the same lands to Hal Lawson; and on March 2, 1920, and subsequently to the execution of the two deeds to secure the debts, she executed and delivered to the Georgia Fertilizer & Oil Co. a mortgage on the same lands to secure the sum of $2,416.18, subject to the first lien held by the British & American Mortgage Co. Ltd.; that on March 3, 1920, she executed and delivered to the Bank of Abbeville a deed to secure a debt; and although the last deed was given subsequently to the mortgage of the Georgia Fertilizer & Oil Co. (which security deed appears to have been recorded prior to the mortgage to the Georgia Fertilizer & Oil Co.), it is alleged and charged that the security deed to the Bank of Abbeville is inferior to the mortgage, for the alleged

reason that " If in fact the Mitchells were so largely indebted to the Bank of Abbeville on March 3, 1920 (just one day after the date of said petitioner's mortgage), as to aggregate the sum of $3,398.60 (the total of the three notes purporting to bear that date), and without embracing therein the old mortgage of April 26, 1919, petitioner was grossly misled as to this fact; and if said security deed was in fact filed and recorded in favor of said bank at the time the same purports to have been done, petitioner's said mortgage must have been in the hands of said clerk, and his failure to file and record that of petitioner prior to that of the bank can only be accounted for on the ground that there was some collusion between said clerk and said bank. According to the clerk's entry on the back of petitioner's mortgage, the same was originally recorded on page 373 of Book 2; but the same now appears to be recorded on page 376 of said book. By the removal of two leaves from said book and rewriting them so as to displace the position of petitioner's said mortgage, the records could be changed so as to show record priority in favor of said bank instead of in favor of petitioner. Said former clerk of the superior court, . . who was clerk of said court throughout the year 1920, is now under indictment in Wilcox superior court for some official improprieties in the way of the falsification of the records in his charge." In addition to the act of fraud alleged in procuring false entries to be made upon the records of the clerk of the superior court, it is alleged that the bank is asserting priority of lien over that of plaintiff's mortgage; that the bank's lien had not been legally recorded, because it was not attested by an official witness; that the official witness merely wrote his name on the paper after it had been, presumably, signed by the maker but not in his presence or to his knowledge. It was alleged, by reason of the foregoing facts and others, that the notes and security deed purporting to have been made on March 3, 1920, by the defendants, Emma M. Mitchell and T. D. Mitchell, to the Bank of Abbeville, do not represent a valid actual indebtedness of the Mitchells to the Bank of Abbeville, etc.; and the plaintiff seeks to have such security deed declared to be inferior to plaintiff's mortgage. The plaintiff also seeks to have its mortgage foreclosed in equity, and to obtain a general judgment on the notes which the mortgage was given to secure. It was further alleged that after the execution and recording of the above-

named liens, Emma M. Mitchell executed and delivered to the defendant, T. M. Cook, a deed to the real estate. The relief prayed against the defendants, Emma M. Mitchell and T. D. Mitchell, is a general judgment on the note secured by the mortgage and a decree foreclosing the same; the prayer against T. M. Cook is that a decree be entered foreclosing the mortgage, and an injunction restraining him from selling the real estate; the relief prayed against the Bank of Abbeville is an injunction restraining it from selling the real estate under any power contained in the security deed, and declaring the mortgage of plaintiff to be superior to the security deed of the bank.

At the appearance term T. M. Cook, one of the defendants, filed a demurrer; and thereafter the plaintiff amended its petition in order to meet the demurrer, and subsequently Cook renewed his original demurrer and filed another on additional grounds. The original demurrer recited that the petition was multifarious, and that there was a misjoinder of parties defendant and also a misjoinder of causes of action. The grounds of the additional demurrer to the petition as amended were as follows: that the allegations of certain paragraphs of the petition are immaterial, irrelevant, and not germane; that the allegations of certain paragraphs of the petition as amended are too general and uncertain; that the allegations of certain paragraphs of the petition as amended are mere conclusions of the pleader, etc. At the hearing the court overruled the original and amended demurrers; to which ruling T. M. Cook excepted.

*M. B. Cannon,* for plaintiff in error. *Eldridge Cutts,* contra.