CITIZENS BANK OF MOULTRIE *et al. v.* TAYLOR *et al.*

ATKINSON, J. 1. A deed to land, executed to secure a debt under the provisions of the Civil Code, § 3306, will vest legal title to the land in the grantee and his assigns, subject to be defeated by payment of the debt. The grantor in such a deed retains the right of possession and the right of redemption by payment of the debt, and consequently an equitable estate in the land which may be assigned or subjected to payment of his debts. *Williams* v. *Foy Mfg. Co.,* 111 *Ga.* 856 (36 S. E. 927); *Beckcom* v. *Small,* 152 *Ga.* 149 (108 S. E. 542); *Owens* v. *Keeney,* 146 *Ga.* 257 (91 S. E. 65); *O'Connor* v. *Georgia Railroad Bank,* 121 *Ga.* 88 (48 S. E. 716); *Wood* v. *Dozier,* 142 *Ga.* 538 (83 S. E. 133); *Guaranty Investment &c. Co.* v. *Athens Engineering Co.,* 152 *Ga.* 596 (100 S. E. 873).

2. A subsequent incumbrance of the same property by the grantor, whether by security deed or mortgage executed by the grantor named in the prior security deed while he retains his equitable estate in the land, will operate upon that equitable estate. *Beckcom* v. *Small,* and *Wood* v. *Dozier,* supra.

3. The surrender and cancellation of a security deed of the character mentioned in the first note, according to the provisions of the Civil Code, § 3309, will operate to reconvey title in the property to the grantor.

4. Where in the circumstances above mentioned a grantor in a security deed of the character mentioned in the first note subsequently executes successive mortgages and security deeds to different persons upon the same land, and the original security deed is canceled, the revesting of the legal title in the grantor will enure to the benefit of his successive assignees; and where each of the several instruments of conveyance is duly recorded, they will rank according to seniority in a contest for superiority between the subsequent grantees. *Owens* v. *Keeney,* supra.

5. Under application of the foregoing principles, the trial judge, to whom the case was submitted upon an agreed statement of facts, was authorized to find that the first security deed executed by the borrower was canceled and surrendered to the grantor; that upon cancellation of that deed full legal title to the land revested in the grantor and enured to the benefit of his subsequent mortgagee and other transferees according to their seniorities; and that the mortgage was senior to the respective security deeds. Having so found, the judgment declaring the priorities in the order above indicated was not erroneous.

6. The principles above stated were recognized and applied in the case of *Wood* v. *Dozier*, supra; but on account of the difference in the facts a different result was reached. In that case the grantor in the first security deed received a bond for reconveyance from his grantee, which was not assigned to Wood, the mortgagee whose mortgage was subject to the first security deed, but was assigned as additional security to the grantee in the second security deed, which was junior to the mortgage, at a time when the debt secured by the first deed was still unpaid and that deed was outstanding. Under these circumstances it was held that when the debt secured by the first deed was paid, title to the land devolved on the transferee of the bond rather than on the grantor in the first security deed, and consequently there was no revesting of title in such grantor that might enure to the benefit of Wood, his subsequent mortgagee.

*Judgment affirmed. All the Justices concur, except Russell, C. J., disqualified.*

No. 3309. APRIL 11, 1923.

Equitable petition. Before Judge W. E. Thomas. Colquitt superior court. June 8, 1922.

On July 1, 1916, Way executed a security deed conveying described realty to secure a note given for a loan of $2,000. The deed was duly recorded on August 2, 1916. On August 7, the note and security deed, with all "rights, title, interest, and power in said security deed and the lands therein described," were duly transferred to Harrold. The transfer was recorded on August 9, 1916. On August 2, 1916, Way executed a mortgage on the same property, "subject to the security deed," to secure a note for a different loan of $2,000, obtained from a different person. The mortgage was duly recorded on August 3, 1916, and the note and mortgage were transferred to Taylor on September 11, 1916, but the transfer was not recorded. On April 21, 1921, Way executed to a loan company a security deed conveying the same land as security for a loan of $4,000, to be repaid in monthly installments of $50 each. The deed was duly recorded on April 25, 1921. From the proceeds of the loan the amount of the loan owed to Harrold,

27

transferee, was paid, and the security deed marked canceled and so entered of record. The balance of the loan was paid over to Way. The loan company residing in a distant city prepared its deed, but acted on the representations of the attorney of Way as to the status of Way's title, and trusted such attorney to make disbursement of the loan. The attorney supplied the loan company with an abstract of title certified by him to be true, which indicated the Harrold deed but not the Taylor mortgage. The attorney at no time had actual notice of the mortgage held by Taylor, though he was told by Way that he (Way) " owed  .  . Taylor some money evidenced by a paper, the exact character of which he did not remember, and that he did not think it was recorded, but if so he would have no trouble in getting it canceled of record, by Taylor." Taylor did not have notice of any of the negotiations for the loan from the loan company. It was the intention of the loan company to procure a first lien and an unincumbered title as security for its loan. On April 22, 1921, Way executed a security deed to a bank, " subject to the security deed " to the loan company, conveying the same property as security for a promissory note dated December 18, 1920. The deed was duly recorded on April 27, 1921. None of the grantees in the several security deeds executed bonds to reconvey, but in each instance Way remained in actual possession of the property by residing thereon. The property was not worth exceeding $5,000, and was insufficient to pay the several outstanding debts above mentioned. The loan company proceeded to exercise a power of sale contained in its deed. An equitable suit was instituted for the purpose of declaring and enforcing the claims and priorities of the several creditors. The case was submitted to the judge on an agreed statement of facts, substantially as stated above, for decision of all questions of law and fact without a jury. The exception is to the judgment declaring the priorities of the parties and establishing the lien of the mortgage first in order.

*L. L. Moore, Hill & Gibson,* and *Lawton & Cunningham,* for plaintiffs in error.

*James Humphreys, W. F. Way,* and *Dowling & Whelchel,* contra.