PEOPLES BANK *v.* FIDELITY LOAN & TRUST COMPANY *et al.*

GILBERT, J. 1. On the hearing in this court the defendant in error moved to dismiss the bill of exceptions, on the ground that after the temporary injunction to restrain the sale of the land had been refused, and no exception taken to that judgment and no supersedeas granted, the defendant, the grantee in the first security deed, sold the land under the power of sale contained in its deed; and that the issues in the present case are therefore moot. The motion to dismiss the writ of error is denied on the ground that the petition prayed for equitable relief which, if granted in the suit, would avoid the sale sought to be enjoined, and the defendant company proceeded to sell at its peril. Compare *Porcher* v. *Pearsons-Taft Land Credit Co.*, 154 *Ga.* 483 (114 S. E. 634).

2. The Peoples Bank, under its security deed from Wright, became the assignee of the latter, and was subrogated to all of his rights. *Walker* v. *Maddox*, 105 *Ga.* 253 (2) (31 S. E. 165); *Beckom* v. *Small*, 152 *Ga.* 149 (108 S. E. 542); *Citizens Bank of Moultrie* v. *Taylor*, 155 *Ga.* 416 (117 S. E. 247).

3. The Peoples Bank, by virtue of its security deed, which was subject to the security deed of the Fidelity Loan & Trust Company, became the assignee of Wright and a privy in interest. As such the Peoples Bank was entitled to raise the issue of usury in the transaction between the Fidelity Loan & Trust Company and Wright. Civil Code (1910), § 3428; *Zellner* v. *Mobley*, 84 *Ga.* 746 (11 S. E. 402, 20 Am. St. R. 390); *Ryan* v. *American Freehold Land Mortgage Co.*, 96 *Ga.* 322 (23 S. E. 411); *Scott* v. *Williams*, 100 *Ga.* 540 (28 S. E. 243, 62 Am. St. R. 340).

4. The petition prayed, among other things, that " petitioner have a special judgment against Wright and against the land, and that Wright's equity of redemption therein be forever foreclosed and barred." This was a prayer for substantial relief. This is true notwithstanding the allegation that Wright had been adjudicated a bankrupt. *Harvard* v. *Davis*, 145 *Ga.* 580 (89 S. E. 740).

5. The petitioner alleges that it tendered to the defendant, on or about the second day of January, 1922, the amount of principal and interest which had become due and payable, and that the defendant refused to accept said sums. The petition further alleges that its tender was a continuing one since that date, and that it is now able, willing, and anxious to pay the same into court. If there was anything lacking to constitute a complete and formal tender, the same is waived by the refusal of the defendant to accept.

6. Since it has been held above that the petition prayed for substantial relief against Wright, who was a resident of the county of Gordon, the venue of the suit could properly be laid in that county.

7. The act approved August 18, 1916 (Ga. Laws 1916, p. 48) is not in conflict with art. 3, sec. 7, par..8, of the constitution of Georgia (Civil Code, § 6437), which provides: "No law or ordinance shall pass which refers to more than one subject-matter or contains matter different from what is expressed in the title." The title of the act is "An act to repeal sections 3438 and 3442 of the Code of 1910, regulating the forfeiture where usury is charged; and to provide forfeiture where any person, company, or corporation shall reserve, charge, or take for any loan or advance in money more than the legal rate, and for other purposes," and there is nothing in the body of the act referring to any subject other than regulating the forfeiture where usury is charged.

8. The act just referred to is not in conflict with art. 3, sec. 7, par. 17, of the constitution of Georgia (Civil Code, § 6445), which provides that "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." The act repeals sections 3438 and 3442 of the Code of 1910, and quotes each of these sections in full. It also complies with the constitution in stating fully and clearly the alteration to be made.

9. It follows from what has been said above that the petition set out a cause of action. It was not subject to dismissal on any of the grounds contained in the general demurrer; and therefore the court erred in sustaining the demurrer and in dismissing the petition.

> *Judgment reversed. All the Justices concur.*

No. 3529. MAY 18, 1923.

Equitable petition. Before Judge Tarver. Gordon superior court. November 4, 1922.

A. H. Wright, a resident of Gordon County, made to the Fidelity Loan & Trust Co., resident in Floyd County, a deed conveying described land to secure a debt. Subsequently he executed to the Peoples Bank, resident in Gordon County, a second mortgage covering the same property. Afterward Wright was adjudicated a bankrupt. The Peoples Bank filed in Gordon superior court an equitable petition against the Fidelity Loan & Trust Co., and A. H. Wright, alleging, in addition to the above-stated facts, that the debt due by Wright to the Fidelity Loan & Trust Co., was infected with usury; that on August 31, 1921, Wright defaulted in the payment of the first amortization payment on this loan, amounting to $650, and also the first installment of interest amounting to $721; that on or about January 2, 1922, petitioner tendered to the Fidelity Loan & Trust Co. the aggregate of the two amounts above mentioned, with interest thereon from the due date to date of tender, which was refused; that the Loan & Trust Co. had published notice that it would, by virtue of the power

of sale contained in the security deed to it, sell the property on August 1, 1922; that this deed expressly provided that Wright's equitable interest in or right to redeem the property was assignable; that it existed in favor of his assignee; that because of the bankruptcy of Wright, petitioner would not be entitled to have its mortgage foreclosed or to a personal judgment against him, but that it was entitled to a decree barring his equity of redemption, and a special judgment against such equity as the said Wright might have in the lands mentioned; that its tender of the amounts due by Wright was continuing, including an offer to pay into court; that unless the proposed sale of the property is restrained petitioner will be prevented from setting up its right to specific performance of the instrument referred to, and will likewise be prevented from setting up its plea of usury; that it has no remedy at law; that if the act approved August 18, 1916, is valid and constitutional, the defendant, because its security is tainted with usury, forfeits all interest; but that said act is violative of art. 3, sec. 7, par. 8, of the constitution, because it deals with more than one subject matter, and contains matter different from that expressed in the title; and is also violative of article 3, sec. 7, par. 17, of the constitution, in that it undertakes to repeal two code sections by mere reference to their numbers in the title and caption of the repealing act; that in the event said act is unconstitutional, the security held by the Fidelity Loan & Trust Company is absolutely void; that petitioner is subrogated to all the rights of Wright, including the right to attack the deed to the Fidelity Loan & Trust Co., for usury, and to pay the amounts to that company at such times as Wright might have paid them.

The prayers are, that the proposed sale be restrained; that the court decree specific performance of the deed to secure debt, made by Wright to the defendant company, in favor of petitioner as assignee of Wright, according to its tenor and effect; that petitioner have a special judgment against Wright and against the land, and that Wright's equity of redemption therein be forever foreclosed and barred; that the act approved Aug. 18, 1916, be held unconstitutional, and that the security held by the defendant company be set aside and held for naught, because of the usury therein; that the court decree the security held by that company to be infected with usury, and so mold its decree as to

permit petitioner to pay off the principal; that the defendant company be required to produce its deed; and for process, service, and for general relief.

The defendant demurred to the petition, on the grounds: (1) it sets forth no cause of action; (2) the averments are insufficient in law or in equity to authorize any of the relief prayed; (3) it affirmatively shows that Wright no longer has any interest in the property referred to, and he is not a proper party defendant; (4) the averments are insufficient to show any right in plaintiff to set up a plea of usury, and this plea is personal to Wright; (5) plaintiff has a full, complete, and adequate remedy at law; (6) the superior court of Gordon County is without jurisdiction in the matter, it affirmatively appearing that the Fidelity Loan & Trust Company is a resident of Floyd County, that no substantial relief is prayed for as against Wright, and that he is in no way a necessary or proper party in any proceedings for the relief prayed against the other defendant; (7) the petition is multifarious, and there is a misjoinder of parties and causes of action, in that distinct and separate relief is prayed for as against each of the defendants, and neither is a necessary or proper party as to the relief prayed for against the other: (8) under the averments of the petition the plaintiff cannot maintain a suit for specific performance, but any such suit would have to be instituted in the name of A. H. Wright for the use and benefit of the plaintiff, and Wright should therefore be named as a plaintiff; (9) the averments of the petition with respect to tender do not show when, nor by what officer or agent of plaintiff, it was made. The court sustained the demurrer and dismissed the petition. Error is assigned upon that judgment.

M. B. Eubanks and A. L. Henson, for plaintiff.

A. H. Wright and Maddox, Lipscomb & Matthews, for defendants.