## SLOAN *v.* LOFTIS.

PER CURIAM. On June 1, 1919, O'Brien received a bond for title to a house and lot from Rhodes. On October 19, 1921, Loftis obtained a judgment against O'Brien, which was duly recorded on the general execution docket. On December 1, 1921, O'Brien transferred his bond for title to Mrs. Sloan; and on February 3, 1922, Rhodes conveyed the house and lot to her by warranty deed. On February 27, 1922, the execution was levied upon the house and lot, and Mrs. Sloan interposed her claim. The plaintiff in fi. fa. did not pay or offer to pay the claimant the amount of the purchase-money due by O'Brien to Rhodes under his bond for title, and paid to Rhodes by the claimant. *Held,* that the trial judge, to whom the case was submitted for decision without a jury, erred in finding the property subject. The judgment was a lien upon the equitable interest of O'Brien in the house and lot (*O'Connor* v. *Georgia R. Bank,* 121 *Ga.* 88, 48 S. E. 716); but it could not be reached by levy until the holder had complied with the provisions of the Civil Code (1910), §§ 6037, 6038. The claimant could take advantage of non-compliance with those provisions, and was entitled to prevail, in the absence of such compliance. *Black* v. *Gate City Coffin Co.,* 115 *Ga.* 15 (41 S. E. 259).

*Judgment reversed. All the Justices concur, Russell, C. J., specially.*

No. 3574. DECEMBER 13, 1923.

Claim. Before Judge Bell. Fulton superior court. November 21, 1922.

*H. A. Etheridge,* for plaintiff in error.

*Hewitt W. Chambers,* contra.

RUSSELL, C. J., specially concurring. Loftis, the defendant in error, caused a common-law fi. fa., which had been issued in his favor against T. J. O'Brien, to be levied upon a house and lot on Pope Street in Atlanta, Georgia, as the property of the defendant in fi. fa. Mrs. Lizzie W. Sloan, the plaintiff in error, interposed a statutory claim to the property. The finding of the court was against the claimant, and that the property was subject to the execution; and exception is taken to the judgment to that effect.

The question clearly and plainly presented by the bill of exceptions in the case is whether the equitable interest of the holder of a bond for title is a mere chose in action which is not subject to the lien of a judgment against the holder of the bond for title, but which can be sold and transferred by its owner notwithstanding an outstanding judgment and free from the lien thereof. This court has several times adjudicated rights depending upon the interest of grantors in deeds given to secure debts, who thereafter executed mortgages upon the same property or gave additional security deeds; but we have been unable to find a case in this State in which the exact point now presented for adjudication has been determined. In the trial in the court below this cause was presented to the judge of the superior court, without a jury, under the following agreed statement of facts: "1st. On June 1, 1919, T. J. O'Brien, above-mentioned defendant, received a bond for title to the house and lot on Pope Street, City of Atlanta, Fulton County, Georgia, from A. G. Rhodes, and went into possession of the same, part of the purchase-money being paid. 2nd. On Oct. 19, 1921, W. S. Loftis, above-mentioned plaintiff, obtained a common-law judgment against said T. J. O'Brien, in the municipal court of Atlanta, and the fi. fa. issuing from said judgment was duly recorded by the clerk of the superior court of Fulton County, Georgia, on general execution docket 33, page 220, on Nov. 16, 1921, and while said O'Brien was in possession of the land levied upon. 3rd. On Dec. 1, 1921, T. J. O'Brien, defendant in fi. fa., executed a transfer of his right, title, and interest in his bond for title received from A. G. Rhodes, transferring same to Mrs. Lizzie W. Sloan, and delivered possession to her at that time. 4th. On Feb. 3, 1922, A. G. Rhodes, in pursuance of the transfer of said bond for title, executed a warranty deed to

the property on Pope Street to Mrs. Lizzie W. Sloan, she paying the balance of purchase-money. 5th. On Feb. 27, 1922, the fi. fa. in favor of W. S. Loftis vs. T. J. O'Brien was executed by F. L. Smith, deputy sheriff, Fulton County, Ga., by levy on house and lot on Pope Street described in the above-mentioned bond for title and warranty deed, as the property of the defendant in fi. fa."

From this statement it appears that Loftis, the plaintiff in fi. fa., obtained his judgment against O'Brien, the defendant in fi. fa., and that the execution had been entered upon the general execution docket while O'Brien was still in possession of the premises as the owner of a bond for title from A. G. Rhodes, and some time before the claimant purchased the interest of O'Brien in the house and lot, taking from O'Brien an assignment of his right to obtain a title from Rhodes, the owner, by paying to him any balance due upon the original purchase-price. The defendant in error maintains, and the learned trial judge in the court below held, that the interest of O'Brien, the defendant in fi. fa., as evidenced by bond for title, payment of part of the purchase-money, and possession, was leviable and subject to the lien of the prior judgment which had been obtained by Loftis, and that Mrs. Sloan bought subject to the fi. fa. The plaintiff in error insists that the interest of O'Brien under the bond for title is a mere chose in action, like a promissory note, to which no lien attaches and which therefore is not subject to levy, but that this interest must be reached, if at all, just as a judgment debtor's interest in promissory notes, by some species of garnishment, either legal or equitable, accompanied by payment or tender of payment of the amount due to Rhodes, the original owner of the title, or to Mrs. Sloan, who derived legal title from Rhodes.

After careful consideration of the question we have reached the conclusion that the claim interposed by Mrs. Sloan was well founded and should have been sustained and the property found not subject to the fi. fa. Among other reasons which, in my opinion, compel this conclusion (and which will be referred to in the course of this opinion) are two prominent facts which differentiate the case now before us from any of our previous rulings in cases involving apparently similar questions: First, the claim is a common-law claim of legal title as provided by the Code, with no reliance upon or assertion of facts constituting an equitable claim

or a claim based upon equitable principles. Second, the agreed statement of facts shows that *the legal title has never at any time touched O'Brien, the defendant in fi. fa.* So that in one phase of the case the question may be stated thus: Can a lien upon a mere equitable interest in land be asserted or prevail against uncontradicted proof of legal title asserted by a claimant, in the absence of fraud, and without any effort being made to transform the inchoate equitable interest of the defendant in fi. fa. into a legal title? In other words, where a claim is interposed, based upon perfect legal title to real estate, can the plaintiff in fi. fa. be said to have carried the burden of showing that the property levied upon is the property of the defendant in fi. fa., if the state of the case is such as that the fact that the claimant has perfect legal title is uncontradicted? We think not.

The general processes of development from the early common law of England, where real estate was not subject to the lien of judgments, have been well traced in 23 C. J. 334, §§ 63, 64. "It was a well-settled principle of the common law of England that the real estate of a debtor could not be taken in execution, at the suit of a citizen creditor, and sold for the satisfaction of the debt; but for debt due the state or the king land could always be taken in execution. The rule at common law, in regard to the liability of real estate to be taken in execution as between party and party, was modified by a statute passed in the year 1285, which made such estates liable to be partially taken in execution. This judicial lien was afterward fortified and enlarged by a statute passed in the year 1732, applicable only to the then colonies of Great Britain, which subjected the whole of the debtor's real estate to be taken in execution and sold for the payment of his debts." "Under the influence of the English statutes, and by force of statutes enacted in various states upon the subject, the general rule in this country now is that every interest of the debtor in land is bound by the lien of a judgment against the owner thereof, and is subject to sale under execution issued upon such judgment, but under some statutes it is not primarily liable, it being provided that the personalty of the debtor shall be first exhausted. This rule is not universal, however, and in some states real property is not subject to execution. A bill in equity to subject the realty to satisfaction of the judgment is sometimes the only remedy." The general rule,

as stated in 23 C. J. 340, § 81, is that "At common law no property but that to which the debtor has a legal title is liable to be taken under the execution that is issued against him. Merely equitable interests in real or personal property, although accompanied with possession, could not be seized under a fieri facias, and it was necessary for the judgment creditor to go into equity to subject such interest." But while it is true that in some jurisdictions the rule has been adopted that all real estate of the debtor, whether legal or equitable, is bound by the judgment against him, and might be taken in execution and sold for the satisfaction of the debt, and by statutory enactments in most of the States every equitable interest in real or personal property is subject to levy and sale under execution against a judgment debtor, there is in this State no express rule to that effect, and the common-law rules still prevail.

Prior to the act of 1894 (Acts 1894, p. 100) a bond-for-title interest could be levied on and sold, and by special statute the entire corpus could be sold and the proceeds disbursed as provided by the statute; but since the act of 1894 a bond-for-title interest is not subject to levy and sale; and this being true, no lien can attach to such an interest so as to prevent the obligee in the bond for title from selling and transferring his interest, provided he does so in good faith and before the owner of the property has proceeded to subject his interest by redeeming the title by paying off the balance of the purchase-money as provided in the act of 1894, supra. In *Foster* v. *Phinizy*, 121 *Ga.* 673, 676 (49 S. E. 865), it was held: "The claim which L. H. Foster had against F. W. Foster on account of improvements made under the contract above referred to, and which was in the partition decree asserted against the land set apart to Phinizy, was a mere chose in action. L. H. Foster under the decree recovered his full interest in the land as such, and his recovery for improvements was not a recovery of the land in any sense, but a recovery of the debt which F. W. Foster owed to him, and which was, under the facts of the case, decreed to be chargeable against the interest of F. W. Foster in the land. Being a mere chose in action, no judgment lien attached thereto; and it was therefore under the control of L. H. Foster as against his judgment creditors of every class until they, either by garnishment or other appropriate remedy, either at law or

in equity, brought the same before a court having jurisdiction to adjudicate the rights of creditors therein. Until this was done L. H. Foster had the right under the law to dispose of the same for value, provided the transaction in which he did it was not entered into for the purpose of defrauding his creditors and there was no creditor who at the time he disposed of it had an equity against him which could be asserted against the transferee." This ruling seems to be controlling in the case at bar. The defendant O'Brien held only a bond-for-title interest in the land, which was not leviable; it could have been reached had the plaintiff elected to subject it by paying off the balance of the purchase-money as provided by the act of 1894 (Acts 1894, p. 100). But the plaintiff did not avail himself of that remedy, and waited until after O'Brien, for value and in good faith, had sold his equitable interest under the bond for title to the claimant, Mrs. Sloan, before the levy. "Since the passage of the act approved December 17, 1894 [Civil Code, §§ 6037, 6038], land held under bond for titles is not subject to execution sale as the property of the holder of the bond, until he is invested with the title; and therefore, where an execution against a holder of a bond for titles was levied upon the land held thereunder, without a conveyance to him of the title, a sale of such land made in pursuance of such levy passed no title to the purchaser." *Green* v. *Hill,* 101 *Ga.* 258 (28 S. E. 692). To the same effect is the ruling in *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10): "Prior to the passage of the act of 1894 (Acts 1894, p. 100), a vendee of land, holding under a bond for titles, with a portion of the purchase-money paid, had an interest in the land which was subject to levy and sale. The act of 1894 is embraced within the provisions of the Civil Code, §§ 5432-5434 [Civil Code of 1910, §§ 6037-6039], under the terms of which the holder of a bond for titles has no leviable interest in the land, without reference to whether any portion of the purchase-money has been paid, until he becomes invested with the legal title."

The plaintiff in fi. fa., not having offered to redeem the title by paying the purchase-money, could not make a lawful levy, and the claim filed by Mrs. Sloan should have been sustained. Nothing we rule here is in conflict with the ruling in *Stewart* v. *Berry,* 84 *Ga.* 177 (10 S. E. 601), that "Land held under bond for titles and partially paid for by the purchaser is subject to levy and sale as

his property under § 3586 of the code," because that decision was rendered in 1890, before the passage of the act of 1894, supra. When that case was decided the interest of the holder of a bond for titles in land was subject to levy and sale, and at that time the owner of the bond could not sell except subject to the lien of a judgment which might have been obtained against him. As to the rule since the passage of the act of 1894, supra, see *Virginia-Carolina Chemical-Co.* v. *Rylee,* 139 *Ga.* 670 (78 S. E. 27); *Green* v. *Hill* and *Foster* v. *Phinizy,* supra.

We are of the opinion that the house and lot is not subject to the fi. fa., and the claim should be sustained, because the interest of the defendant in fi. fa. under the bond for titles was a mere chose in action, not subject to levy, and which could have been reached only by an equitable proceeding, which the plaintiff in fi. fa. neglected to institute.