### GEORGIA SECURITIES COMPANY v. PRIM.

ATKINSON, Presiding Justice. 1. "A discharge in bankruptcy under the act of 1898, as amended, does not affect the lien of a general judgment nor the lien of a mortgage obtained more than four months prior to the filing of the petition in bankruptcy, relatively to property set apart as exempt under the bankrupt's claim of homestead exemption, although holders of such liens may have proved their claims in bankruptcy." *McBride* v. *Gibbs,* 148 *Ga.* 380 (96 S. E. 1004).

(a) By analogy such a discharge in bankruptcy does not affect the lien of a general judgment obtained more than four months before the filing of the petition in bankruptcy, relatively to property then owned by the bankrupt, which was not set apart as exempt, but which, after withdrawal by the bankrupt of claim for exemption and dismissal of a claim of lien by the plaintiff as not having been filed within six months from the adjudication in bankruptcy, is by order of the referee in bankruptcy surrendered to the bankrupt as property not administered for the benefit of creditors.

2. The lien of such previous general judgment on which execution has been

268

duly issued and entered on the general execution docket applies alike to all present property of the bankrupt. Accordingly where, before the judgment, the defendant had conveyed described realty, thus vesting legal title in the grantee as security for a loan, retaining the right to pay the debt and redeem the land, commonly called equity of redemption (*Williams* v. *Foy Mfg. Co.*, 111 *Ga.* 856, 36 S. E. 927; *Beckcom* v. *Small*, 152 *Ga.* 149, 102 S. E. 542; *Citizens Bank of Moultrie* v. *Taylor*, 155 *Ga.* 416, 117 S. E. 247; *Smith* v. *Farmers Bank of Glenwood*, 165 *Ga.* 470, 141 S. E. 203; *Sims* v. *Etheridge*, 169 *Ga.* 400 (5), 150 S. E. 647), and after surrender of the property to the defendant as a bankrupt, and his discharge in bankruptcy, the land on payment by the plaintiff of the balance of the secured debt, in order to revest title in defendant for the purpose of levy and sale as provided in the Code, § 67-1501, is reconveyed to the grantor by the executors of the grantee since deceased, and such deed of reconveyance is recorded, such reconveyance revests legal title to the land in the defendant, subject to the lien of the general judgment and to levy and sale under the execution. The principle was applied in *O'Connor* v. *Georgia Railroad Bank*, 121 *Ga.* 88 (48 S. E. 716); *Sloan* v. *Loftis*, 157 *Ga.* 93 (120 S. E. 781); *Kidd* v. *Kidd*, 158 *Ga.* 546 (124 S. E. 45, 36 A. L. R. 798).

(a) The rulings in this and the preceding division are applicable and controlling in the instant case.

(b) A different ruling is not required by the decision in *Sosnowski* v. *Rape*, 69 *Ga.* 548, and cit., decided before the act of 1894 (Ga. L. 1894, p. 100 (Code, § 67-1501).

3. The second special ground of the motion for a new trial was not approved by the trial judge.

4. In so far as any of the remaining special grounds of the motion are sufficient to present any question for decision, they are without merit.

5. The evidence demanded the directed verdict declaring the property subject to the execution levied. The judge erred in granting a new trial.

*Judgment reversed. All the Justices concur.*

No. 13408. NOVEMBER 29, 1940.

*Tolnas & Middlebrooks,* for plaintiff.
*George B. Brooks,* for defendant.