MITCHELL *v.* SOUTHLAND LOAN & INVESTMENT CO.

It was not error to overrule the certiorari based upon the assignment of error therein set forth. The act of 1916 (Acts 1916, p. 48), prescribing the forfeiture where usury is charged, is not unconstitutional either because it refers to more than one subject-matter or for the reason that said act contains matter different from what is expressed in the title. The request to overrule the decision of this court in *Peoples Bank* v: *Fidelity Loan & Trust Co.*, 155 *Ga.* 619 (.117 S. E. 747), is therefore denied.

No. 4714. November 12, 1925.

Certiorari. Before Judge Humphries. Fulton superior court. December 22,. 1924.

*Ray & Ray*, for plaintiff in error.. *Ezra E. Phillips*, contra.

Russell, C. J. Mitchell, the plaintiff in error, was sued in the municipal court of Atlanta, upon a promissory note. In defend-

ing the suit he attacked the act of 1916 (Acts 1916, p. 48), which regulates the forfeiture in cases of usury, as unconstitutional on the ground that the same is in conflict with art. 3, sec. 7, par. 8, of the constitution, which provides: "No law or ordinance shall pass which refers to more than one subject-matter or contains matter different from what is expressed in the title thereof." It was insisted that the title of the act is not broad enough to cover the subject-matter of the act, in that the title deals only with the forfeiture of interest and contemplates repealing sections 3438 and 3442 of the Code of 1910, while the body of the act makes an effort to repeal both of said sections, one dealing with the forfeiture of excess of interest and the other dealing with titles tainted with usury and making said titles void. It was further insisted that the body of the act contains more than one subject-matter, that is, repeals section 3438, providing for the forfeiture of interest in case of usury, and section 3442, providing that titles infected with usury should be void, and that therefore said act refers to more than one subject-matter. The judgment of the municipal court of Atlanta held the act of 1916 to be constitutional, and rendered judgment against the defendant. He carried the case to the superior court by certiorari. In the petition for certiorari the judgment of the municipal court of Atlanta was attacked as being contrary to the law, the evidence, and the constitution of the State of Georgia, "in this, viz.: that it was error for said judgment to hold that the act of the General Assembly of 1916 (Acts 1916, p. 48) to be constitutional, and alleges that said act is not constitutional for two reasons, to wit: First. Because the body of said act contains matter different from that expressed in the caption of said act. Second. Because the body of said act deals with and contains more than one subject-matter." The judge of the superior court held the judgment of the municipal court to be valid, and overruled the certiorari. This judgment is assigned as error in the present bill of exceptions.

In the case of *Peoples Bank* v. *Fidelity Loan & Trust Co.,* 155 *Ga.* 619 (supra), this court by the unanimous decision of six Justices decided the questions raised by the plaintiff in error adversely to his contentions. We there held: "The act approved August 18, 1916 (Ga. Laws 1916, p. 48), is not in conflict with art. 3, sec. 7, par. 8, of the constitution of Georgia (Civil Code, §

6437), which provides: 'No law or ordinance shall pass which refers to more than one subject-matter or contains matter different from what is expressed in the title.' The title of the act is 'An act to repeal sections 3438 and .3442 of the Code of 1910, regulating the forfeiture where usury is charged; and to provide forfeiture where any person, company, or corporation shall reserve, charge, or take for any loan or advance in money more than the legal rate, and for other purposes,' and there is nothing in the body of the act referring to any subject other than regulating the forfeiture where usury is charged." Plaintiff in error apparently recognizes that the above ruling is controlling upon the questions raised in the present case; for he requests that the above decision be reviewed and overruled, because the same "was made on the question of sustaining a demurrer." This fact in itself affords no cause for a review of the ruling quoted. On the contrary, a decision made in sustaining a demurrer is the law. An attack upon the constitutionality of a statute raises a legal question solely. A demurrer is the instrument provided by law for raising a legal issue, and an adjudication thereon states the law applicable to the issue involved, and the ruling of law thus made controls the decision of a similar question however raised. The request of the plaintiff in error is denied. The ruling made in the *Peoples Bank* case, supra, was made upon the identical points raised in the present case, and controls the decision in this case. It follows, therefore, that the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. All the Justices concur.*