## CRUMMEY *et. al.*, *vs.* THE MECHANICS' & SAVINGS BANK.

1. Where the mortgagor of land has no title to the land, but only a bargain for it, with part payment of the purchase-money, the mortgagee cannot have the aid of a Court of Equity to foreclose his mortgage as against the holder of the title, without offering to pay the remainder of the purchase-money.

In Equity, in Dougherty Superior Court. Decision by Judge ALLEN, at the June Term, 1859.

The Mechanics' & Savings Bank filed a bill against George W. Crummey and Lindsay H. Durham, which makes the following allegations:

That on the 13th day of June, 1857, Crummey made a promissory note for $2,200, due at four months, and payable to H. H. Hubbard, or bearer, and on the same day executed a mortgage to secure said note, on a certain lot of land in Albany; that before said note matured, complainant purchased the same, together with said mortgage, for a valuable consideration, from said Hubbard, and that the note is due and unpaid; that subsequent to the date of said mortgage, several judgments were obtained against Crummey, one of them being in favor of James C. Selman & Co., and rendered by the 6th Circuit Court of the United States for the Southern district of Georgia; that a *fi. fa.* issuing from the judgment mentioned was levied on said lot, and it was sold by the Marshal on the first Tuesday of March, 1858, subject to the incumbrance of complainant's mortgage, public notice having been given of said mortgage, both in the Marshal's advertisement and by announcement from the stand at the time of sale; that Lindsay H. Durham having bid seven dollars for said lot, "over and above said incumbrance," the same was knocked off to him; that since said sale, complainant has been informed, and believes, that Crummey bought said lot from William W. Cheever, agreeing to pay Cheever therefor $1,000; that $600 of said amount was paid by Crummey, and Cheever made him a bond for titles, in which he stipulated to make Crummey a good title when the remaining $400 should be paid, and that the said $400 was unpaid when said mortgage was executed; that after said sale,

Crummey *et al.*, *vs.* The Mechanics' & Savings Bank.

Crummey and Durham combined to defraud complainant and defeat said mortgage lien, Crummey assigning said bond for titles to Durham, and Durham satisfying the debt to Cheever and taking Cheever's deed to the whole lot; that said lot and the improvements on it are worth largely more than all the liens outstanding against them, the oldest lien being complainant's mortgage.

The bill prays a foreclosure of said mortgage, and that the lot be sold for the purpose of paying said note.

The defendants demurred to the bill on the following grounds.

1st. That there is no equity in the bill.

2d. Because if complainant has any rights, the remedy at law is adequate and full.

The Court overruled the demurrer, and counsel for defendants excepted.

D. A. VASON & R. K. HINES, for plaintiff in error.

R. H. CLARK, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

The mortgage held by the Bank covered Crummey's interest in the land, and nothing more. His interest was, not a title, but the right to have a title, on payment of four hundred dollars to Cheever, who held the title, or to anybody else who might get it with notice of Crummey's right. Crummey's title was not good, and their mortgage not effective, without the payment of the four hundred dollars. We think it is very clear, therefore, that the Bank cannot have the aid of a Court of Equity to render the mortgage effective by a foreclosure, without paying, or offering to pay, the four hundred dollars to the holder of the title. From the failure to make such an offer, the bill was defective, and the demurrer to it ought to have been sustained.

Judgment reversed.