**UNITED STATES   v.   COX et al.**
**Civ. A. No. 4527.**

United States District Court
N. D. Georgia, Atlanta Division.
Dec. 19, 1953.

James W. Dorsey, U. S. Atty., J. Ellis Mundy, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Sam P. McKensie, Atlanta, Ga., for defendants.

SLOAN, District Judge.

The United States of America brings this complaint alleging that it acquired and has a valid and subsisting lien for income taxes due and owing by Lawrence P. Cox in the amount of $535.52, the balance due for the year 1946, and $8,332.21 principal, and $282.84 interest, for the year 1947, and plaintiff further alleges that Lawrence P. Cox and Eva M. Cox owe, and the United States has a lien for, income taxes and interest in the amount of $2,516.91 for the year 1948.

The plaintiff contends that prior to October 27, 1947, Lawrence P. Cox was the owner of a certain described house and lot in Fulton County, Georgia, and that on said date Lawrence P. Cox conveyed the property to his wife, Eva M. Cox.

Plaintiff contends that the notices of liens for income taxes were filed for record with the office of the Clerk of the Superior Court of Fulton County, Georgia, as follows: For the year 1946, on November 5, 1947; for the year 1947, on April 15, 1949; and for the year 1948, on December 22, 1949.

Plaintiff contends that by virtue of these facts the United States of America has a lien against the described real estate for the taxes due by Lawrence P. Cox for the year 1947, and for the taxes due by Lawrence P. Cox and Eva M. Cox for the year 1948.

The complaint names as defendants Lawrence P. Cox and Eva M. Cox, and in addition, the following defendants: Mrs. Anne T. Nolan, Mrs. T. K. Shackleford, Associated Transport, Inc., Aluminium Company of America, King Hardware Company, Firestone Stores, Fred T. Burge, Jr., Norman S. (J) Johnson and Mrs. Marjorie McRae, and plaintiff alleges that said defendants other than Lawrence P. Cox and Eva M. Cox may have or claim to have some lien, right, title or interest in the property described, but avers that such claims are inferior to the claims of plaintiff.

Plaintiff prays that the merits of all claims to and liens upon the real estate be fully determined; that the lien of plaintiff for taxes be established and enforced; that the property be sold and the proceeds of the sale be disbursed in accordance with the findings of the Court, with judgment for plaintiff for taxes remaining unpaid.

The defendants Lawrence P. Cox and Eva M. Cox file a joint answer, in sub-

stance denying the allegations of the complaint.

The defendant, Norman J. Johnson files an answer and asserts that Lawrence P. Cox and his wife, Eva M. Cox, were indebted to him in the sum of $5,000 and that on December 13, 1949, Mrs. Eva M. Cox executed a note to said Johnson for said amount and on the same date executed a deed to secure a debt which was recorded on December 27, 1949 in the Clerk's office, Fulton County, Georgia. This deed was also signed by Lawrence P. Cox and included household and kitchen furniture, fixtures and furnishings. Johnson prays that his rights be established and enforced against the property described in the complaint.

The other defendants, though served with the summons and complaint, make no answer.

### Findings of Fact.

The United States Commissioner of Internal Revenue on his tax assessment list of April, 1947, assessed income taxes against the defendant, Lawrence P. Cox, for the year 1946 of $2,159.61, together with interest of $21.60. Payments on same as alleged in the complaint leaves a balance due on the 1946 income taxes of Lawrence P. Cox of $535.52. Notice of lien was filed and recorded with the Clerk of the Superior Court of Fulton County, Georgia on November 5, 1947. This balance is due and unpaid.

Similarly, and on the September, 1948, list, the Commissioner assessed against said Lawrence P. Cox income taxes for the year 1947 of $8,332.21 and interest of $280.84. Notice of lien was properly recorded in Fulton County, Georgia, on April 15, 1949. These sums are due and unpaid.

The Commissioner of Internal Revenue on the September, 1949, list assessed against Lawrence P. Cox and Eva M. Cox, income taxes for the year 1948 of $2,431.80 and interest of $85.11, and notice of this lien was recorded in Fulton County, Georgia on December 22, 1949. These sums are due and unpaid.

The taxes assessed in each instance were for the original taxes due as shown by the returns of the taxpayers, and did not include additional taxes or penalties.

On or before October 27, 1947, Lawrence P. Cox was the owner of the following described real estate in Fulton County, Georgia:

"All that tract or parcel of land lying and being in Land Lot 137 of the 14th District of Fulton County, Georgia, being Lot 1, Block B of Parkview Homesites and recorded in Plat Book 14, page 7, Fulton County, Records, and more particularly described as follows:

"Beginning at the southeast corner of the intersection of Avon Avenue and Westmont Drive; running thence east along the south side of Avon Avenue fifty (50) feet; thence south one hundred sixty-one and two tenths (161.2) feet to the north side of an alley; thence west along the north side of said alley fifty (50) feet to the east side of Westmont Drive; thence north along the east side of Westmont Drive one hundred sixty-one and nine-tenths (161.9) feet to the point of beginning; being improved property having located thereon a dwelling."

On October 27, 1947, Lawrence P. Cox executed a security deed to the real estate described to the Atlanta Federal Savings and Loan Association, this deed conveying the title to the real estate to secure a debt of $10,000, and said deed contained a power of sale authorizing the grantee to sell said property in event of default in the payment of the loan. This deed was filed for record in Fulton County, Georgia on October 29, 1947. On the same date, and subject to the above described security deed, Lawrence P. Cox conveyed the property to Eva M. Cox.

On December 13, 1949, Mrs. Eva M. Cox executed a deed to secure debt in the amount of $5,000 to Norman J.

Johnson. This deed is also signed by Lawrence P. Cox and is expressly second and subject to the deed to the Atlanta Federal Savings and Loan Association. This deed was filed for record on December 27, 1949.

As was conceded in open court, the Atlanta Federal Savings and Loan Association foreclosed its security deed and on March 6, 1951 sold and conveyed the above described property to Mrs. Marjorie McRae, who purchased same at said sale for $9,900. The Government was not a party to, and neither consented to nor ratified the sale. Lawrence P. Cox and Eva M. Cox made answer but did not appear at the trial. Norman J. Johnson made answer and appeared by counsel.

Each of the other named defendants were served with a summons and complaint but did not plead nor appear in the case, but it appears that each of said defendants have at some time through recording liens, judgments or otherwise, asserted some claim against the property.

### Conclusions of Law.

Where a person owes taxes to the United States of America, such government has a lien upon all property and rights to property belonging to such person for unpaid taxes,[1] which lien arises at the time the assessment list is received by the Director.[2] However, the lien shall not be valid as against mortgagee, pledgee, purchaser or judgment creditor until notice thereof has been filed by the Director for record as required by the law of the State.[3]

In the present case the deed to secure a debt from Lawrence P. Cox to Atlanta Federal Savings and Loan Association was executed on October 27, 1947 and recorded on October 29, 1947, while the government's first claim of lien was filed for record on November 5, 1947.

The government concedes that the security deed of the Atlanta Federal Savings and Loan Association was a prior claim to the lien of the government for taxes, but contends that the sale of the property on March 6, 1951, under the power of sale contained in the security deed, did not divest the lien of the government.

The effect of the government's lien for taxes in relation to a provision of federal law is always a federal question,[4] and the meaning of the provisions of the federal law are not to be determined by resort to local law.[5] However, the ascertainment as to the ownership of property and the extent of interests therein will be determined by applying the law of the State where the property is located,[6] and this is true in determining what constitutes property of the taxpayer on the date of the asserted lien, as well as the priority of the claim of the United States for taxes.[7]

The taxpayer having executed the deed to secure a debt, which deed was entered of record before the recording of the notice of lien of the United States, this Court must determine what, if any, interest the taxpayer retained in the property after making the deed, and consequently what interest, if any, the taxpayer had at the time of the record of the government's claim of lien. The recording of the government's notice of lien has no retroactive effect, but takes rank as of the time it was filed, and is superior to other liens perfected thereafter.[8]

1. Title 26 U.S.C.A. § 3670.
2. Title 26 U.S.C.A. § 3671.
3. Title 26 U.S.C.A. § 3672.
4. U. S. v. Security Trust & Sav. Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53.
5. Glass City Bank v. U. S., 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56.
6. Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; U. S. v. Hutcherson, 8 Cir., 188 F.2d 326; U. S. v. Dallas Nat. Bank, 5 Cir., 152 F.2d 582.
7. U. S. v. Winnett, 9 Cir., 165 F.2d 149.
8. U. S. v. Peoples Bank, 5 Cir., 197 F.2d 898, 899.

Under the law of Georgia, a security deed to land conveys the title to the vendee and the rights of the vendee cannot be affected by subsequent acts of conveyance by the vendor to third parties. However, the vendor has such an equitable interest in the premises conveyed as that he may create a valid second security deed or lien subject to the paramount right of the original grantee to have the land appropriated to the payment of his debt.[9]

This right to redeem is an equitable estate in the land and may be sold and conveyed subject to the paramount right of the original grantee to have all the land appropriated to the payment of his debt.[10]

Here, Mrs. Eva M. Cox retained, after the execution of the deed to secure a debt, an equitable estate in the land which was such a "right to property" to which the government's lien for taxes for the year 1948, attached. The lien of the government attached to all of the property in possession of the taxpayer to the extent of his interest and right thereto.[11] After this lien provided by the statute attached, the property has, in a sense, two owners, the taxpayer, and to the extent of the lien, the United States.[12]

The federal statutes create specific liens for taxes and as a corollary, give a specific remedy for their removal, and when such liens once attach, they may be lifted only as provided thereunder, Metropolitan Life Ins. Co. v. U. S., supra, the law providing adequate remedy for the removal of such liens.[13]

This Court holds that the sale of the property here involved by the Atlanta Savings & Loan Association under the power of sale contained in its deed to secure debt, did not divest the lien of the United States for taxes.

This Court holds that said sale did divest all title or claim to said property of Norman J. Johnson.

The United States is entitled to a judgment for the taxes found to be due by Lawrence P. Cox for the years 1946 and 1947. The United States is entitled to a judgment and a lien against any equitable interest that Eva M. Cox had in the property described for income taxes found to be due against Lawrence P. Cox and Eva M. Cox for the year 1948.

The lien of the United States for taxes is subordinate to the sums due to the Atlanta Federal Savings & Loan Association, under its deed to secure debt.

Although this Court finds that the lien of the United States for taxes which attached to any equitable interest or right of redemption of Eva M. Cox, though subordinate to the deed to secure debt, was not discharged by the sale of the property by the grantee of the deed, and although this Court is convinced that in this case, upon a proper showing that the equity of the taxpayer was of value, —that the property was reasonably worth more than the amount of the prior claims,—or that there was fraud or collusion in the sale, the government would have the right to have the property fairly sold and the proceeds of the sale disbursed in accordance with the priorities.

However here, it not appearing that the taxpayer's equitable interest in the property was or is of value,—there being no evidence introduced as to the value of the real estate involved, either

9. Cook v. Georgia Fertilizer & Oil Co., 154 Ga. 41, 113 S.E. 145.

10. Williams & Bessinger v. E. E. Foy Mfg. Co., 111 Ga. 856, 857, 36 S.E. 927.

11. Metropolitan Life Ins. Co. v. U. S., 6 Cir., 107 F.2d 311, 313.

12. U. S. v. City of Greenville, 4 Cir., 118 F.2d 963, 965; Commissioner of Internal Revenue v. Coward, 3 Cir., 110 F.2d 725.

13. Title 26 U.S.C.A. § 3679.

**152**

at the time of sale or presently, no sufficient reason for directing a sale of the property is shown, and the prayer for such sale is denied.

A judgment may be prepared and presented in accordance herewith.