GENERAL MUT. INS. CO.

v.

UNITED STATES.

Civ. No. 4698.

United States District Court, N. D. New York.

Dec. 29, 1953.

McGinnis & Lyons, Albany, N. Y., for plaintiffs.

Theodore S. Bowes, U. S. Atty., Syracuse, N. Y., for defendant.

BRENNAN, Chief Judge.

The plaintiff is a creditor of one William Holst, doing business as Jack Holst Contracting Company, who was apparently engaged in the building and construction business during the period from March 24, 1952 to September 5, 1952.

The complaint alleges that the plaintiff issued its policy of compensation insurance to Holst, which insured his employees during this period in accordance with the Workmen's Compensation Law of the State of New York, McK.Consol. Laws, c. 67. During the period above referred to the agreed price and reasonable value of the premium earned upon the policy was $9,000.48, on account of which the sum of $800 has been paid. The complaint further alleges that during such period of time Holst entered into contracts for the improvement of real property, and through his employees performed labor in connection therewith from which Holst received moneys in accordance with the provisions of said contracts; that, under the provisions of Sections 36–a and 36–b of the Lien Law of the State of New York, McK.Consol. Laws, c. 33, such moneys received by Holst constituted trust funds in his hands to be applied to the payment for labor performed and materials furnished, and to the payment of the premiums on insurance accruing in connection with the real property improvements, which were the subject of the contracts.

It appears that the agents of the Internal Revenue Department of the United States during the period above mentioned negotiated with Holst as to the payment of an individual income tax indebtedness. Between April 30, 1952 and May 31, 1952, Holst paid to the defendant on account of said indebtedness the sum of $11,000 from the moneys impressed with a trust as above mentioned. On November 21, 1952, Holst filed a petition under Chapter 11 of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., in the United States District Court for the Eastern District of New York, and in that proceeding the defendant claims a lien against the assets of the bankrupt in excess of the full value thereof.

The plaintiff now invokes the provisions of the Sections of the Lien Law above mentioned, and brings this action in behalf of itself and other creditors similarly situated. Judgment is requested that the defendant be declared to hold the sum of $11,000 and any other moneys received from Holst as a trustee for the benefit of the parties entitled thereto; that the interests of such parties be determined, and that the plaintiff recover the sum of $8,200.48, with interest. Jurisdiction of this court is based upon the provisions of Title 28 U.S.C.A. § 1346 and the Sections of the Lien Law above referred to.

The defendant contends on this motion that the United States has withheld its consent to be sued in the matter referred to in the complaint.

The language of the complaint indicates that the action is based upon the

action of the agents of the Internal Revenue Department in wrongfully collecting the sum of $11,000 in moneys which it knew or should have known were held by Holst in trust, as described above, and in deliberate disregard of the rights of the plaintiffs who were the legal beneficiaries of such trust.

Neither party cites judicial precedents, except Broadway Open Air Theatre, Inc. v. U.S., D.C.E.D.Va.1953, 119 F.Supp. 150, in which it was held that the waiver of immunity set forth in 28 U.S.C.A. § 1346(b) was specifically restricted by 28 U.S.C.A. § 2680(c) to except from the court's jurisdiction any claim arising in respect to the collection of any tax. The motion to dismiss was granted in that case.

■ It is beyond argument that the United States may be sued only where its immunity has been specifically waived by statute, and that such waiver may not be implied in the construction of an ambiguous statute.

This court has no difficulty in reaching the conclusion that the complaint must be dismissed without reliance upon the exception created by Section 2680(c).

■ This is an action in which equitable relief only is sought and is unauthorized under the section invoked. 28 U.S.C.A. § 1346(b). Money damages is the limit of the relief available thereunder. As originally enacted, the statute gave the court jurisdiction to hear and determine any claim "for money only". The language was changed in recodifying, but this accomplished no change in the substantive law. Feres v. U. S., 340 U.S. 135, 71 S.Ct. 153, 95 L. Ed. 152. See note, 340 U.S., at bottom of page 140, 71 S.Ct. 156.

It is not to be inferred that the Court holds that the exemption relied upon in the Broadway case is inapplicable. The exemption refers to a "tax or customs duty" and, while duty is ordinarily used in referring to levies upon imports and exports, Flint v. Stone Tracy Co., 220 U.S. 107 at page 151, 31 S.Ct. 342, 55 L. Ed. 389, the use of the terms "tax—duty" in the Section may well mean "tax—levy", since tax is a broader term than custom, and includes custom levies therein. Steward Machine Co. v. Davis, 301 U.S. 548, 581–582, 57 S.Ct. 883, 81 L.Ed. 1279. Such construction is compatible with statutory enactments designed to deny court intervention in the matter of tax assessments and collections.

■■ It is also urged that the provision of Title 28 U.S.C.A. § 1346(a) (1) affords the basis for the court's jurisdiction. The Court disagrees. In the first place, the claim exceeds the sum of $10,-000. Secondly, the section contemplates the recovery of an Internal Revenue Tax illegally collected. This would seem to mean that an illegality in the collection of tax must have existed under the provisions of law relating thereto, rather than some state statute. This construction is borne out by the phrase "or in any manner wrongfully collected under the internal-revenue laws". There is no claim here that the collection was wrongful in any manner, except that which may be inferred from the provisions of the New York State Lien Law. Even that statute does not make the collector or recipient of the trust funds a law violator or wrongdoer.

■ Attention is directed to the fact that relief is denied to plaintiff in a declaratory judgment action. 28 U.S.C.A. § 2201. In passing it may also be noted that it is doubtful that the agents of the defendant were guilty of any "wrongful act" even under the allegations of the complaint. Bryan v. U. S., D.C., 22 F. Supp. 232.

The conclusion is reached that this court has no jurisdiction of this action, and the motion, therefore, is granted.

It is so ordered.